## CHILDS et al. v. COOK et al.

No. 8766—Opinion Filed June 11, 1918.

(174 Pac. 274.)

(Syllabus.)

1. **Appeal and Error—Construction of Mandate—Province of Supreme Court.**

It is the province of this court to construe its own mandate in connection with its opinion.

2. **Same—Judgment on Mandate.**

F. H. C. and others filed in the district court of Garvin county a suit for the partition of the homestead and surplus allotment selected for one Sim Nelson after his death by his widow, E. C., as administratrix of his estate. E. P., the grantee in a deed from C. J., a sister of the deceased, and E. C. were made defendants in the action. In her answer E. C. confessed the facts alleged in plaintiffs' petition, claimed as dower the use of one-half of the land for her natural life, and joined in the general prayer of the plaintiffs' petition, in which they asked for an award of dower to her and a partition of the remainder of the land. In the alternative it was asked that, if said lands were found incapable of partition without detriment to the interests of all parties, the same should be sold, including the dower interest, and the proceeds equitably distributed. In November, 1909, judgment was rendered decreeing that E. C. was entitled to dower in the land, the interest of the heirs was determined, and commissioners were appointed to make the division. At the succeeding term of court the commissioners filed their report, stating that it was impossible to make an equitable division of the land, and recommended that the land be sold and the proceeds divided among the parties according to their respective interests. The court made the order of sale, the land was sold for $2,700, and the sale was duly confirmed by the court. Subsequently C. J. filed her plea of intervention, asserting the invalidity of her deed to E. P., and contesting the right of E. C. to dower. After the issues were joined the litigant parties filed an agreed statement of facts, on which the case was tried. On June 3, 1911, the court set aside its former judgment, awarding E. C. dower, and denied her any right or estate in the lands whatever. She appealed from this judgment to the Supreme Court, where the cause was reversed and remanded, with instructions to

set aside dower to her. Held, on motion for judgment on the mandate, that it was not error for the trial court to award E. C. her pro rata share of the proceeds of the sale of the land in lieu of dower.

### 3. Trial—Delay—Statute.

When the issues have once been fully made up by the filing of pleadings, or by failure to file them, the provision of section 5043, Rev. Laws of 1910, that a cause stands for trial whenever the issues have been made up for a period of 10 days, has spent its force, and thereafter any change in the issues caused by the filing of new or amended pleadings by leave of the court or consent of the parties does not, by reason of said section, necessarily work a delay of the trial.

### 4. Distinction Between Forms of Action—Abolition.

In this jurisdiction, by virtue of section 4650, Rev. Laws of 1910, the distinction between actions at law and suits in equity, and the forms of all such actions and suits, have been abolished, and in their place there has been substituted but one form of action, called a civil action.

### 5. Jury—Right to Jury Trial—Statute—Waiver.

In civil actions, under the Code, the right to a trial by jury is governed solely by section 4993, Rev. Laws of 1910, and the distinction heretofore existing between law actions and suits in equity is immaterial in the determination of this right. When the pleadings disclose that an issue of fact has arisen in any civil action for the recovery of money, or of specific real or personal property, such issue must be tried by a jury, unless a jury is waived or a reference ordered, as provided by other provisions of the Code.

### 6. Appeal and Error—Decision of Supreme Court—Mandate.

In cases decided by the Supreme Court, when the facts are agreed to by the parties or found by the court below or a referee, and when it does not appear by exception or otherwise that such findings are against the evidence in the case, it is the duty of the Supreme Court to send a mandate to the court below, directing it to render such judgment in the premises as it should have rendered on the facts agreed to or found in the case.

### 7. Same—Action of Court Below.

Under the mandate in this case, which directed the trial court to set aside dower to the defendant in error, and to take such other proceedings as shall accord with right and justice, nothing was left open for the consideration and determination of the trial court, except such questions of fact as were not incorporated in and concluded by the agreed statement of facts filed in the case, and any question of law which might arise on amended or supplementary pleadings not determined by, or inconsistent with, the principles of law announced in the opinion on the former appeal.

### 8. Appeal and Error—Subsequent Appeal —Law of the Case.

Generally all questions open to dispute, and either expressly or by necessary implication decided on appeal to this court, will not be open for review on a second appeal, but such decision becomes the settled law of the case as to all such questions, and not subject to re-examination.

### 9. Appeal and Error—Decision of Supreme Court—Issues on Proceedings Below.

In the absence of exceptional facts, it is the duty of parties to put in issue the entire claim or defense available when the case is tried, and a failure to do so cannot be remedied by amendment and repeated trials after an appeal to, and decision by, this court.

### 10. Appeal and Error — Mandate—Questions of Fact—Conclusiveness.

Where a judgment is rendered in an action submitted upon agreed facts, and the Supreme Court reverses such judgment, and remands the case, with instructions to set aside dower and to take such other and further proceedings as shall accord with said opinion and right and justice, the findings and conclusions of the Supreme Court are res adjudicata as to the facts embraced in the agreed statement, and the trial court should render such judgment as the Supreme Court should have rendered or directed on the findings and conclusions announced by said court.

### 11. Same.

Where the agreed statement of facts filed in the case is incomplete, there is left open for the consideration and determination of the trial court only such additional facts as are necessary to render a correct decision in conformity to the opinion of the Supreme Court.

Error from District Court, Garvin County; F. B. Swank, Judge.

Suit by F. H. Childs, as guardian for certain of his minor children and others, against Ellen Cook, Emma Poland, and Cordelia Jacobs for the partition of the homestead and surplus allotment, selected after the death of Sim Nelson by Ellen Cook, his widow and administratrix, with answer by Ellen Cook claiming a dower interest and joining in the prayer for partition or sale. Judgment for Ellen Cook for dower, and sale made and confirmed, and thereafter Cordelia Jacobs filed a plea in intervention, asserting the invalidity of her deed to Emma Poland, and contesting the right of Ellen Cook to dower, and the case was then tried on an agreed statement of

facts, and the former judgment was set aside, and Ellen Cook's claim for dower was denied, and on her appeal the Supreme Court reversed and remanded, with instructions to set aside dower to her, and to proceed according to justice and right, and her motion for judgment on the mandate, opposed by a reply, was granted, and she was awarded her pro rata share of the proceeds of the sale in lieu of dower, and F. H. Childs and others bring error. Affirmed.

C. S. Arnold, Blanton & Andrews, A. F. Pyeatt, and H. G. Butts, for plaintiffs in error.

O. W. Patchell and M. Henderson, for defendants in error.

RAINEY, J. The plaintiffs in error have brought this case here to review the action of the district court of Garvin county in setting aside to one Ellen Cook, defendant in error, a sum of money out of the proceeds of the sale of the allotment of her deceased husband, Sim Nelson, in lieu of dower. This is the second time the cause has been in this court, the first case being No. 3354 (Ellen Cook, Plaintiff in Error, v. F. H. Childs et al., Defendants in Error, 49 Okla. 321. 152 Pac. 88). A brief statement of the facts and the history of the case will more clearly disclose the contentions of the respective parties.

The action was originally instituted by F. H. Childs, as guardian for certain of his minor children, and others. for the partition of a tract of land allotted in the name of Sim Nelson, which was selected in the manner provided by law by the administratrix of the estate of Sim Nelson, deceased, who died prior to allotment. In the partition proceedings Ellen Cook, widow of the deceased, and Emma Poland, the grantee in a deed from Cordelia Jacobs, a sister of the deceased, were made defendants. In her answer Ellen Cook confessed the facts alleged in the plaintiffs' petition and further claimed as her dower the use of one-half of said lands for her natural life, and joined in the general prayer of the plaintiffs, in which they prayed for an award of dower to Ellen Cook out of the land and for a partition of the remainder, and that, in the event said lands were found incapable of partition without detriment to the interest of all parties, the same be sold, including the dower interest, and the proceeds equitably distributed.

In November, 1909, judgment was rendered decreeing that Ellen Cook was entitled to dower in the land, the interest of the other heirs was determined, and the commissioners appointed to make the division.

At the succeeding term of court the commissioners filed their report, stating that it was impossible to make an equitable division of the land among the parties, and recommending that the land be sold and the proceeds divided among the parties according to their respective interests. The court made the order of sale. the land was. accordingly sold for $2,700. and the sale was duly confirmed by the court.

Subsequently Cordelia Jacobs filed her plea of intervention, asserting the invalidity of her deed to Emma Poland, and contesting the right of Ellen Cook to dower. After issue joined the litigant parties filed an agreed statement of facts on which the case was tried. As far as is necessary for a clear understanding and decision of the instant case, the facts agreed to were as follows: First, that Sim Nelson died on May 5, 1903, and that prior to his death he and his wife, Ellen Nelson, now Ellen Cook, resided upon the lands which were selected by her as administratrix; second, that the controversy between Emma Poland and the intervener, Cordelia Jacobs, had been adjusted and compromised, and "for the purpose of this suit the intervener is substituted for the defendant Emma Poland"; third, that as between Ellen Cook, formerly Ellen Nelson, and Cordelia Jacobs, there is an issue of dower; fourth, that Ellen Cook has continued in possession of the land allotted to Sim Nelson since his death, and that no dower has been set aside to her; fifth, that there was in the hands of Ellen Cook, as administratrix of the estate of Sim Nelson, the sum of $614, being the rent collected by her from the land in controversy, after deducting the debts and funeral expenses.

On June 3, 1911, the court set aside its former judgment awarding Ellen Cook dower, denied her any right or estate in the lands whatever, and ordered her as administratrix, to pay into court the rents collected by her in the sum of $614. Ellen Cook appealed from this judgment to the Supreme Court as the result of which it was held in Cook v. Childs, supra, that she was entitled to dower in the estate of Sim Nelson, her deceased husband, and the cause was reversed and remanded, with instructions to the district court to set aside dower to her. That part of the mandate containing directions to the trial court reads as follows:

"Now, therefore, you are hereby commanded to cause this reversal to be shown of record in your court, and take such other and further proceedings herein as shall ac-

cord with said opinion and right and justice."

After the mandate was spread of record in the trial court, Ellen Cook filed her motion for judgment on the mandate, in which motion the court's attention was called to the opinion of the Supreme Court, and to the fact that the lands involved in the action had been sold, and prayed for an award of dower in the proceeds received from the sale of the lands on the basis of the value of one-half thereof on the 3d day of June, 1911, when she was 26 years old, calculating her life expectancy according to the American table of mortality, and interest at 6 per cent. The motion also asked that she be allowed the costs expended by her on the appeal, and that she be permitted to retain the sum of $614 held by her as rents collected prior to the sale of the land.

The plaintiffs in error filed what they termed a "reply" to this motion, wherein various objections were made to the court rendering judgment on the mandate, and wherein it was sought to reopen the issue of dower, and to reopen questions of fact by showing a different state of facts than that contained in the agreed statement of facts. The substance of the objections will appear hereafter in connection with our discussion of the legal principles applicable thereto.

Plaintiffs in error later filed an amended reply to the motion for judgment on the mandate, and defendant in error, in response thereto, filed an answer and motion to strike certain portions of the amended reply. In this motion to strike, the former proceedings in the action, as hereinbefore related, were called to the attention of the court, and it was urged that in consequence thereof the court should render such judgment as should have been rendered on the agreed statement of facts on June 3, 1911, the date of the original judgment, had the court at that time been properly advised as to the law. This motion was sustained. The court then proceeded with the hearing of the issues joined on the matters not stricken. At this hearing counsel for plaintiffs in error, "saving their right to object to the admission of any testimony on the issues tendered at this time by the defendants," agreed "that if the testimony was offered the proof would show that the woman (Ellen Cook) was 26 years of age at the time of the rendition of the judgment originally in this cause, and was and is in good health at this time, and that her expectancy would be shown by the American table of mortality—Carlisle table of mortality." At the conclusion of the hearing the court rendered judgment, the pertinent parts of which are as follows:

### "Judgment on the Mandate.

"On this the 31st day of May, 1916, this action came on to be heard upon the motion of the defendant Ellen Cook for entry of judgment pursuant to the mandate and opinion of the Supreme Court of the state of Oklahoma, rendered and issued upon the appeal taken herein by the said Ellen Cook, defendant, and there were present the defendant Ellen Cook by her attorneys, O. W. Patchell and M. Henderson, and all parties announced ready for trial on the issues made by said motion, the answer thereto by plaintiffs, and demurrers to said answer by the defendant Ellen Cook, her motion to strike out and reply to said answer, and the court having heard the evidence offered and inspected the files and records of this cause, all of which is treated as evidence in this proceeding, and heard the argument of counsel, finds that the action was submitted to the former judges of this court upon the agreed statement of facts found in the files, and also incorporated in the original case-made, and believes that it is now the duty of the court to render such judgment herein, under the opinion of the Supreme Court and the mandate issued thereon, as the former trial court should have rendered in this matter on the 3rd day of June, 1911, if he had been properly advised as to the law upon the agreed statement of facts, and that all other issues attempted to be raised by the said answer of the plaintiffs to said motion for judgment on the mandate should be excluded from the consideration of the court in this proceeding, and the court further finds that the judgment against Ellen Cook for rents in the sum of $614.91 was appealed from, was superseded, and was reversed and vacated by the Supreme Court: Therefore it is the opinion of the court that the said Ellen Cook should be awarded from the proceeds of the sale of the land allotted to Sim Nelson's estate, being the sum of $2,700, less the sum of $321.54, which the court finds to be the costs incurred in the proceedings had in this action for the partition and sale of said land, the sum of $953.23 for her dower rights in said proceeds from said sale, the same having been determined on the basis of the present worth of one-half of said remainder of said proceeds from the sale of said lands for a period of 38.11 years, at the interest rate of 6% per annum, said 38.11 years being the life expectancy of the said Ellen Cook on the said 3d day of June, 1911, she then being 26 years of age and in sound health and an insurable person, according to the American table of mortality; and said sum so awarded for such dower out of the proceeds of said lands having been calculated according to the Carlisle tables, showing the

present worth of such interest on the 3d day of June, 1911.

"And the court is also of the opinion that the $614.91 admitted in the agreed statement of facts to be in the hands of said Ellen Cook as administratrix, and having been received by her from the rents of said lands after paying all the just debts of said estate and the funeral expenses, should be equally divided between the plaintiffs as heirs of said Sim Nelson, deceased, and the said Ellen Cook as his widow, the court being of the opinion that no dower having been assigned to her, that the said Ellen Cook, as such widow, was entitled to hold said rents so received in lieu of dower, but that in her report to the court she disclaimed any interest in half of said sum, and elected to treat the other half as belonging to her for her dower rights therein.

"This court also finds that by her said appeal the said Ellen Cook incurred costs amounting to $32.25, and that she should be reimbursed this sum out of the share of the proceeds of sale going to the plaintiffs.

"It is therefore considered, adjudged, and decreed by the court that there shall be paid to Ellen Cook out of the proceeds of the sale of the lands allotted to said Sim Nelson, deceased, the sum of $678.03 now held by the sheriff of Garvin county, Oklahoma, which sum the court finds to be the net balance due to said Ellen Cook after charging her with her proper pro rata share of the court costs in this action, and charging her with one-half of $614.91 received by her as rents of the said Sim Nelson lands prior to the sale thereof, and credited her with the costs incurred by her in said Supreme Court on her said appeal."

Plaintiffs in error, under their first assignment of error, contend that the judgment appealed from is not responsive to the mandate, in that it assigned to Ellen Cook a portion of the proceeds of the sale of Sim Nelson's allotment instead of assigning to her a dower interest in the land. We think this contention is without merit. It is the duty of this court to construe its mandate in connection with its opinion (Turk v. Page et. al., 68 Okla: —, 174 Pac. 1081, decided April 30, 1918; St. Louis & S. F. R. Co. v. Hardy, 45 Okla. 423, 146 Pac. 38; State v. Pitchford, 68 Okla. 81, 171 Pac. 448), and to this end we have examined the record filed in this court on the prior appeal and the opinion and mandate in said proceedings. From an examination of the judgment appealed from in that case it is evident that there had been a sale of the land in controversy pursuant to an order of court made in the partition proceedings. It also appears therefrom, as we have heretofore stated, that the original plaintiffs asked that the land be sold in the event it was found

that said lands were incapable of being partitioned, and that Ellen Cook, in her answer filed in the cause, acquiesced in this prayer. Although Cordelia Jacobs was not originally a party to the partition proceedings, when she intervened in the action she knew that the lands had already been sold by the consent of all parties to the proceedings, under the direction of the court, and that the proceeds of the sale were then being held by the clerk, subject to the court's order. With knowledge of these facts she made no objections in her pleadings or at any time during the course of the former trial in the district court or on appeal to dower being assigned to Ellen Cook out of such proceeds, provided the court found she was entitled to dower. Moreover, Emma Poland had consented to the sale, and in the agreed statement of facts filed in the case it was expressly stipulated that "for the purpose of this suit the intervener is substituted for the defendant Emma Poland." It was also stipulated therein that the issue between Cordelia Jacobs and Ellen Cook was the issue of dower. In view of these facts, she should not be permitted to make the objection for the first time when judgment was asked on the mandate. We are readily induced to so hold when we consider that if Ellen Cook cannot receive a sum of money in lieu of dower from the proceeds of the sale of the land she cannot get anything, and therefore will be deprived of the fruits of her victory on the former appeal, to which she is entitled under the decision of this court. Plaintiffs in error must know that, since Ellen Cook consented to the sale, she cannot now have dower set aside to her out of the land. She would be estopped to claim dower in the land as against the purchaser at the sheriff's sale in the petition proceedings, and, in any event, it would be most unjust to the present owner of the land, under the facts as shown by the record in this case, to take a portion of the land from him, even if it could lawfully be done.

Under the second assignment of error it is urged that the trial court erred in assigning the case for trial ahead of many other cases, and in not allowing the plaintiffs in error sufficient time within which to prepare to meet with testimony the issues presented by the pleadings. Treating the motion for judgment on the mandate and the objections filed thereto as amended pleadings, his assignment of error goes to the issue or issues presented by these amended or supplementary pleadings. As to the matters undetermined by the opinion on the former appeal, the pleadings could be amend-

ed or supplementary pleadings filed and new issues formed under proper restrictions, so long as such new issues were consistent with the allegations of fact made by the former pleadings and the facts agreed to in writing and filed in the case. Ball v Rankin, 23 Okla. 801, 101, Pac. 1105.

In support of this assignment of error it is further insisted that the court was precluded from trying the issues presented by the supplementary pleadings until 10 days had elapsed after the issues had been made up; but since the issues in this case had once been fully joined, any change in the issues which was or may have been caused by the filing of the supplementary pleadings by leave of court did not necessarily work a delay of the trial. Chicago, R. I. & P. R. Co. v. Pitchford, 44 Okla. 197, 143 Pac. 1146.

Plaintiffs in error did not file a motion for continuance nor make any objections at the time to proceeding with the trial, nor did they file any exceptions to the order of trial, and there was no showing made in the trial court nor here that their rights have been prejudiced in any way because of the time of the trial.

Under the third assignment of error it is urged that the court erred in refusing to grant the plaintiffs in error a jury trial. This was not error. This was a partition proceeding, and such a case does not fall within the class of cases in which the parties, under section 4993 of our Code, are entitled to a trial by jury. Said section is as follows:

"Issues of law must be tried by the court unless referred. Issues of fact arising in actions for the recovery of money, or of specific real or personal property, shall be tried by a jury, unless a jury trial is waived, or a reference be ordered, as hereinafter provided."

There seems to be some confusion in our decisions as to what issues must be tried by a jury, unless a jury trial is waived, due to the efforts frequently made to distinguish between what were formerly denominated law actions and suits in equity, respectively. Under our Code (section 4650, Rev. Laws of 1910) the distinction between actions at law and suits in equity, and the forms of all such actions and suits, heretofore existing, have been abolished, and in their place there has been substituted but one form of action, called a civil action. The right to a jury trial is governed solely by section 4993, supra, and the distinction heretofore existing between law actions and suits in equity is immaterial in the determination of this right. When the pleadings disclose that an issue of fact has arisen in any civil action for the recovery of money or of specific real or personal property, such issue must be tried by a jury, unless a jury trial is waived or a reference ordered as provided by other provisions of the Code. The instant action not being one for the recovery of money or of specific real or personal property, the issues of fact arising from the pleadings were properly triable to the court without the intervention of a jury.

The next assignment of error discussed in the brief of counsel for plaintiffs in error is as follows: .

"Said court erred in sustaining the motion of the defendant, Ellen Cook, to strike out the response of the plaintiffs in error as to all matters set forth therein not already included in the record and files in this action and before the Supreme Court of this state in the former appeal, and in excluding from consideration in this trial all issues and evidence upon all issues not within the scope of the pleadings and issues involved in the former trial in this cause from which an appeal was taken to the Supreme Court."

This calls for a construction of the mandate on the former appeal as applied to the record in that case. Section 5258, Rev. Laws of 1910, so far as pertinent, is as follows:

"When a judgment or final order shall be reversed on appeal, either in whole or in part, the court reversing the same shall proceed to render such judgment as the court below should have rendered, or remand the cause to the court below for such judgment. * * * In cases decided by the Supreme Court, when the facts are agreed to by the parties, or found by the court below, or a referee, and when it does not appear, by exception or otherwise, that such findings are against the weight of the evidence in the case, the Supreme Court shall send a mandate to the court below, directing it to render such judgment in the premises as it should have rendered on the facts agreed to or found in the case."

Under the mandate which directed the trial court to set aside dower to the defendant in error and to take such other proceedings as accorded with right and justice, nothing was left open for the consideration and determination of the trial court, except such questions of fact as were not incorporated in and concluded by the agreed statement of facts, and any question of law which might arise on amended or supplementary pleadings, not determined by or inconsistent with the principles of law announced in the opinion on the former appeal.

In the case of Harding v. Gillett et al., 25 Okla. 199, 107 Pac. 665, we said:

"It is true that, where a different state of facts arises upon the subsequent trial, the conclusions of the appellate court will not be binding upon the trial court; but where the pleadings are the same, or where the same facts arise requiring the application of any principle of law, the conclusions of the appellate court upon the appeal applying the law to such pleadings or facts are conclusive upon the trial court. If it were not so, an end to litigation might never be had, although the pleadings and facts remained the same. If the trial court may refuse to follow the conclusions of the appellate court upon a case being remanded to it, it could immediately, where the same questions of law are again presented, adhering to its former opinion, again render the judgment that had been reversed, and send the case on its way back to the appellate court to be reversed again, from which no appeal would lie to the superior appellate court, and thus would be formed an endless circuit."

In St. Louis & S. F. R. Co. v. Hardy, District Judge, 45 Okla. 423, 146 Pac. 38, we held that all questions that were open to dispute, and which were either expressly or by necessary implication decided on appeal to this court, will not be open for review on a second appeal, but that such decision became the settled law of the case as to all such questions, and was not subject to re-examination. In the same case it was declared to be the law, that, in the absence of exceptional facts, the parties should put in issue their entire claim or defense that was available when the case was tried, and that, where they had failed so to do, it could not be remedied by amendment and repeated trials after an appeal to and decision by this court.

In Consolidated Steel & Wire Co. v. Burnham, Hanna, Munger Co., 8 Okla. 514, 58 Pac. 654, the facts were agreed to by the parties and filed in the cause, as in the instant case; and with reference to the binding force in the subsequent proceedings of the facts so agreed to the Supreme Court of Oklahoma Territory, in an opinion by Chief Justice Burford, said:

"It belongs to that class of evidence termed 'solemn admissions.' Solemn or judicial admissions, made for the express purpose of dispensing with the proof of some fact at the trial, in the form of express stipulations, on being filed and becoming a part of the record, are generally conclusive of all the facts involved, and may be given in evidence on any subsequent trial. * * * It would seem that this class of admissions are the only ones that are ever held to be conclusive. * * *"

It was also observed in that case that under our Code the Supreme Court was authorized to render the right judgment when it reversed the judgment of the trial court based upon an agreed statement of facts, and that some courts hold that a new trial cannot be granted in such a case, but that the appellate court must render the correct judgment. Martin v. Martin, 74 Ind. 207; Railroad Co. v. Butts, 7 Kan. 308; Brown v. Evans, 15 Kan. 88.

The former appeal in this case settled as an issue of law that Ellen Cook was entitled to dower, and the agreed statement of facts filed in the cause was conclusive as to every fact agreed to therein, and there was nothing left open for the trial court except to determine the additional facts necessary to render a correct decision. Had the agreed statement of facts been complete, this court would have rendered judgment. The matters stricken by the trial court related to the assignment of the proceeds of the sale in lieu of dower, which has been discussed under the first assignment of error, and to the amount of rents collected by Ellen Cook, after she was appointed administratrix and before dower was set aside to her. The amount collected as rents was incorporated in the agreed statement of facts. The only new matter brought into the case by the supplementary pleadings and so stricken was the averment that the defendant, as administratrix, had collected $232.40 from Indian payments, but in the supplementary pleadings filed it was alleged by plaintiffs in error that Ellen Cook had not been discharged as administratrix. This being true, any claim plaintiffs in error might have for funds received by her as administratrix may properly be presented to the probate court at the time and in the manner provided by law.

Under the remaining assignment of error plaintiffs in error contend that the court erred in finding that the judgment for rents recovered by plaintiffs in error was properly appealed from and superseded by the defendant in error Ellen Cook in her former appeal, and in holding that said judgment had been vacated and set aside by the decision of the Supreme Court on the issues involved therein. This contention is wholly without merit. We have examined the record, and it is clear to us that an appeal was taken from the entire judgment.

In their supplementary pleadings, plaintiffs in error also asked that before allotting Ellen Cook a sum of money out of the proceeds of the sale of the land in lieu of dower, if the court should hold that she was so entitled, that the costs that had accrued in

the partition proceedings in the sum of $343.44 be deducted. Of the amount so claimed the court deducted $321.54, and there is nothing in the record showing that a greater sum should have been allowed.

The point is also made that the court should have computed the amount due Ellen Cook in the proceeds of the sale on her life expectancy at the time of rendering the judgment appealed from, in the instant case, instead of allowing a sum based upon her expectancy at the time of the original judgment. No authorities are cited in support of this contention, and we have been unable to see the justice of this claim.

Finding no reversible error in the record, the judgment of the trial court is affirmed.

All the Justices concur.