## LIVELY v. BUTLER.

No. 15025—Opinion Filed Feb. 24, 1925.

Rehearing Denied May 5, 1925.

(Syllabus.)

**Jury—Right to Jury Trial—Statutes.**

In a civil action, under the statutes, the right to a trial by jury is governed solely by section 532, Comp. Stats. 1921, and the distinction heretofore existing between law actions and suits in equity is immaterial in the determination of this right. When the pleadings disclose that an issue of fact has arisen in any civil action for the recovery of specific real property or for the recovery of money, such issue must be tried by a jury unless the jury is waived or reference ordered, as provided by other provisions of the statutes.

Error from District Court, Carter County; W. F. Freeman, Judge.

Action by Minnie Butler, now Sill, against John C. Lively and others. Judgment for plaintiff. Defendant John C. Lively brings error. Reversed and remanded.

Champion, Champion & George, for plaintiff in error.

H. A. Hicks, for defendant in error.

CLARK, J. This is an appeal to reverse a judgment of the district court of Carter county in an action instituted in said court by the defendant in error, as plaintiff, against the plaintiff in error, as defendant. For convenience the parties will be referred to as they appeared in the lower court.

Plaintiff instituted this action against the defendants, John C. Lively, Jess G. Campbell, Carrie Stone, the heirs, administrators, devisees, trustees, and assignees, immediate and remote, of Mary J. Lively, deceased, to establish her title, as heir of Mary J. Lively, to and for possession of a one-fourth interest in lot 6, block 251, in the city of Ardmore, Okla., and to quiet her title thereto as against these defendants in said action, and for the recovery of $900 rents.

Answers and cross-petitions were filed by the defendants John C. Lively and Jess G. Campbell only. But since the defendant Jess G. Campbell has not appealed from the adverse judgment rendered against him, it is unnecessary to take further notice of the claim asserted by the defendant Campbell in his answer.

Plaintiff's contention was that in the year 1898 the deceased, Mary J. Lively, who was the wife of J. H. Butler, and J. H. Butler filed for record in Hunt county, Tex., an instrument of writing whereby they adopted the plaintiff as their legal heir. This instrument was properly acknowledged before a notary public in and for Hunt county, Tex., on the 23rd of April, 1898, and filed for record and recorded on April 25, 1898, in the office of the county clerk of Hunt county, Tex.

Plaintiff further alleges that thereafter J. H. Butler died, and Mary J. Butler moved to Ardmore, Okla., and married a man by the name of Clark. Clark soon died, and thereafter Mary J. Butler married the defendant John C. Lively. After her marriage to the defendant Lively the property in controversy was acquired through a deed from S. E. Elliot, both Mary J. Lively and her husband, John C. Lively, being named as grantees in said deed. Thereafter, in March, 1919, the said Mary J. Lively died intestate in Carter county, Okla., leaving surviving her husband, John C. Lively, who continued thereafter, and up until the filing of the plaintiff's action, to occupy a portion of said

property as a homestead, appropriating the rents and profits from the portion thereof not occupied by him as a homestead.

. It was the claim of the plaintiff in her petition that she had been adopted as a legal heir of Mary J. Lively, deceased, pursuant to the laws of the state of Texas, and certain sections of the Texas Statutes on the subject of adoption were pleaded by her in her petition, with a copy of the deed of adoption under which she claimed to be the legal heir of Mary J. Lively and entitled to inherit one-half of the property of which Mary J. Lively died seized and possessed, the same being a one-fourth interest of the real estate above described.

The plaintiff further alleged that Mary J. Lively, deceased, was the owner of the one-half undivided interest in the real estate described, and that she and the defendant John C. Lively inherited said interest in equal shares and that she was entitled to recover her share thereof together with $900 for its wrongful detention; that more than three years had elapsed since the death of Mary J. Lively without any decree by the county court, having jurisdiction to administer upon her estate, determining the individual identity of the persons entitled to inherit under the law of succession in force at the time of the death of Mary J. Lively.

Plaintiff's prayer was that she be declared the lawful heir of the said Mary J. Lively, and that the court decree that she was the owner of an undivided one-half interest of the half interest of Mary J. Lively in lot 6, block 251, and that her title be quieted therein; that plaintiff recover possession of her interest in said premises and that she have judgment for $900 rents, and all other equitable and proper relief and costs of suit.

The defendant John C. Lively filed his answer, denying generally the allegations contained in plaintiff's petition; denied that the plaintiff had ever been legally adopted under the laws of Texas, or any other state; further alleged that the property in controversy was purchased and paid for by him alone and was his separate and individual property and that the part of the deed by which Mary J. Lively was named as a grantee thereof was the result of an said deed.

By way of cross-petition the defendant Lively set up title to said real estate as the sole and exclusive owner thereof by pur- error by the scrivener in the preparation of chase under the original deed, and prayed that the claim of the plaintiff thereto be can-

celed and removed as a cloud upon his title and the title forever quieted in him as against the plaintiff.

A reply in the nature of a denial of the new matter in said answer and cross-petition was filed by the plaintiff, and upon the issues thus presented the cause proceeded to trial.

At the commencement of the trial. the defendant demanded a trial by jury, which was overruled by the court and exceptions reserved. At the request of the defendant, the court made findings of fact and conclusions of law and entered judgment in favor of the plaintiff as against the defendant John C. Lively, finding that the said Mary J. Lively died seized and possessed of an undivided one-half interest in the real estate in controversy; and that Minnie Butler, now Sill, was the adopted child of the said Mary J. Lively, deceased, and as such inherited an undivided one-half interest in the estate of said Mary J. Lively, deceased; and gave plaintiff judgment for possession of an undivided one-fourth interest in lot 6, block 251, in the city of Ardmore, Carter county, Okla.. subject to the homestead interest of the said John C. Lively covering only the north 50 feet of said lot and block. The court further found that John C. Lively and Mary Butler. now Sill, were the heirs of and entitled to inherit the estate of Mary J. Lively, deceased.

Thereafter, in due time, a motion for a new trial was filed and overruled, exceptions saved, and the defendant appealed to this court.

The defendant makes sixteen assignments of error. The third assignment of error is as follows:

'Third. Error of the court in refusing to grant this defendant a trial by jury as requested and demanded by him after the plaintiff had announced ready for trial and his motion for continuance as set forth in paragraph number two hereof had been overruled. To which action of the court the defendant at the time duly excepted."

It is the contention of the defendant John C. Lively that this being an action for recovery of specific real property and for money, the same was governed by section 532, Comp. Stats. 1921, which is as follows:

"Trial of issues. Issues of law must be tried by the court unless referred. Issues of fact arising in actions for the recovery of money. or of specific real or personal property, shall be tried by a jury, unless a jury trial is waived, or a reference be ordered, as hereinafter provided."

This particular section has been passed on a number of times by this court. In Mitchell et al. v. Gafford, 73 Okla. 152, 175 Pac. 227, the first paragraph of the syllabus reads as follows:

"The fact that the petition in an action for the recovery of real property prays that the title to the real estate sought to be recovered be quieted in the plaintiffs does not make the action a nonjury cause, but it remains an action properly triable by jury under the provisions of section 4993, Rev. Laws 1910."

Also, in the case, supra, the court used the following language:

"The sole question involved in this appeal is the sufficiency of the evidence to support the judgment of the court. It is assumed by the plaintiffs that this is an action of purely equitable cognizance, and that therefore this court should review the evidence and render such judgment as the trial court should have rendered thereon. The petition alleges that the defendant is in possession of the real estate and wrongfully withholds the same from the plaintiffs, in whom, the petition alleges, title to said tract of land is vested. The petition also prays that title to said tract of land be quieted in plaintiffs as against the defendant, and it is argued that this renders this action one in equity and that the prayer for possession of the real estate is a mere incident to the quieting of the title. We think the converse of this proposition is true; that the action is an action at law to recover specific real property, and that the quieting of the title in plaintiffs is a mere incident which would follow a recovery by plaintiffs in the action." Campbell et al. v. Powell et al., 76 Okla. 286. 185 Pac. 328.

It is the contention of plaintiff that this action is a proceeding to determine heirship under chapter 261, Session Laws 1919, and to quiet title and for an accounting for rents and profits, and that under and by virtue of said section the defendant was not entitled to a trial by jury.

This question has been passed on by this court in the case of Halsell v. Beartail et al., 107 Okla. 103, 227 Pac. 392, in a well-considered opinion by Mr. Justice Cochran; the holding of this court is against plaintiff's contention, the second syllabus of which reads as follows:

"An action brought for the purpose of determining the interest of plaintiff in specific real estate, as heirs of the allottee, for possession of their respective interests therein, and to quiet title against adverse claimants, is one in which the parties are entitled to a trial by jury under section 532, C. S. 1921. In such case the judgment of the trial court is supported by the evidence, if there is evidence reasonably supporting the same."

In the instant case it was necessary to determine whether or not the plaintiff, Minnie Butler, now Sill, was an heir of the deceased, Mary J. Lively; and after determining that question, the possession of the land would necessarily be awarded to those determined to be the heirs holding under the deceased. The purpose of the action was to establish the interest of the plaintiff in the specific real estate and to award to her possession thereof and to quiet her title thereto. In our opinion this was an action for the recovery of specific real property under section 532, Comp. Stats. 1921, and either party was entitled to a jury.

In the case of Word et al. v. Nakdimen et al., 74 Okla. 229, 178 Pac. 257, the second paragraph of the syllabus reads as follows:

"In civil actions under the Code, the right to a trial by jury is governed solely by section 4993, Rev. Laws 1910, and the distinction heretofore existing between law actions and suits in equity is immaterial in the determination of this right. When the pleadings disclose that an issue of fact has arisen in any civil action for the recovery of money, or of specific real or personal property, such issue must be tried by a jury, unless a jury is waived or a reference ordered, as provided by other provisions of the Code. Childs et al. v. Cook et al., 68 Okla. 240, 174 Pac. 274."

It was a further contention of the plaintiff that the answer and cross-petition of the defendant converted this cause into one of purely equitable cognizance, and for that reason the defendant was not entitled to a trial by jury.

The distinction between actions at law and suits in equity, and the forms of all such actions and suits, heretofore existing were abolished by the statutes of Oklahoma, Comp. Stats. 1921, sec. 178.

The answer of the defendant did not change the character of the judgment sought by the plaintiff, which was a judgment for the recovery of specific real estate and for rents and profits arising from the unlawful detention thereof.

It is clear from the record in this case that the defendant John C. Lively was entitled to a trial by jury, and the trial court erred in refusing the defendant a jury trial. This being sufficient to reverse said cause, it is not necessary to consider other assignments of error.

This cause is, therefore, reversed, with directions to grant the defendant a new trial.

NICHOLSON, C. J., and MASON, HARRISON, PHELPS, LESTER, HUNT, and RILEY, JJ., concur.

Note.—See under (1) 35 C. J. p. 158.