**MANDLER et al. v. HARVEY et al.**

No. 16895—Opinion Filed Sept. 14, 1926.

**1. Evidence—Hearsay Evidence of Age—Statements by Persons Informed.**

Hearsay testimony is permissible to establish the date of birth and age of a person when based on statements pertaining to such facts, made by members of the family of the party whose age is in question, or other persons, known to have been so situated as to have had knowledge of such facts.

**2. Trial—Instruction not Objectionable as Singling Out Facts.**

A charge telling the jury they might consider certain facts is not objectionable as singling out particular facts, where it directed the jury to take into consideration all the facts and circumstances in evidence.

**3. Appeal and Error—Trial—Weight of Evidence for Jury—Failure of Plaintiff's Evidence—Affirmance.**

The burden of proof is upon the plaintiff to establish the material allegations of the petition by a preponderance of the evidence, and the weight of the evidence is a question for the jury, and when plaintiff fails to establish his case by legal and competent evidence, or where there is conflicting evidence, a verdict in favor of the defendant will not be reversed on appeal.

(Syllabus by Jones, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Wagoner County; E. A. Summers, Judge.

Action by C. W. Mandler et al. against Frank Harvey et al. Judgment for defendants, and plaintiffs appeal. Affirmed.

Linebaugh, Pinson & Fite, for plaintiffs in error.

Watts & Broaddus, for defendants in error.

Opinion by JONES, C. This action was instituted in the district court of Wagoner county by the plaintiffs in error, as plaintiffs, against the defendants in error, as defendants, to recover possession of a certain tract of land in Wagoner county, the allotment of one William Scott, a Creek freedman. On the trial of the case to the court and jury, a verdict was returned in favor of the defendants and against the plaintiffs, and the judgment of the court was rendered in accordance therewith, from which verdict and judgment this appeal is prosecuted.

The only question that is material at this time, raised by the pleadings and the proof, and urged by appellants in their brief, is that of whether or not William Scott was of age on May 3, 1904, the date on which he executed and delivered the deed in question to M. F. Cleveland, whose widow and heirs are the defendants in error here. The plaintiff in the trial of the case called as a witness Catherine Scott, the mother of William Scott, the allottee, who testified on direct examination that William Scott, the allottee, was born in 1883, August 6th, and that she fixed the date in her mind upon the circumstance that the colored folks had a picnic on Emancipation Day, and that she was not able to go. On cross-examination, however, it developed that she did not know her exact age, nor the date of her marriage, and that she was the mother of ten children, but was unable to give the year, month, and day of the birth of any of them, and on cross-examination stated that William was at that time 40 years of age; this was at the time of the trial of the case in March, 1925, and according to her testimony to the effect that William was born in 1883, he would in fact be 42 years of age. In answer to questions propounded as to when William would be 41 she answered:

"A. Next year. Q. Well, what time? A. His next birthday will be this coming year. I don't know what time. Only the seventh. Q. His next birthday will be the seventh of next year? You mean the seventh month? A. Yes, sir. Q. That will be July? Is that right? A. He was born the seventh, and his next birthday will be in the next year—will be the seventh. Q. Was he born in the seventh month or the seventh day of the month? A. On the seventh of the month."

Whereas, on direct examination, the witness testified that William was born August 6th. From a careful reading of the entire testimony of the witness it is very evident that she possessed no recollection concerning the date of the birth of William Scott worthy of consideration.

The evidence offered on the part of defendants, the principal portion of which was the testimony of Winnie Bowman, a daughter of Catherine Scott and sister of William Scott, the allottee, is about of the same character of testimony as that given by her mother, pertaining to her age and the age of other members of the family. Her testimony as to her age was based upon statements which she said were made to her by her father some two years prior to the time of the trial of this case as to her age.

Appellants objected to this line of testimony upon the grounds that it was hearsay and therefore incompetent, but hearsay testimony is admissible and competent to establish facts, such as are here involved.

This court in the case of Stevens v. Elliott et al., 30 Okla. 41, 118 Pac. 407, in the first paragraph of the syllabus held:

"In the trial of an action it is competent testimony for a witness to testify as to his or her own age."

And in Harris v. Hart, 49 Okla. 143, 151 Pac. 1038, in the fourth paragraph of the syllabus this court held:

"A person is a competent witness to testify as to his own age and the date of his birth even though his parents be living and within the jurisdiction of the court."

And in the body of the opinion said:

"That such testimony is permissible even when based upon hearsay, is sustained by the authorities and by the text-writers, a few of which we cite herein; and this is true, even though the father and mother be living and present in court at the time."

Many authorities are cited in support of this rule under which the evidence complained of is clearly admissible and competent.

Appellants next complain of the following instruction given by the court:

"You are instructed that evidence has been introduced for your consideration touching certain alleged statements of both the allottee and his father, who is deceased at this time, as to the age of said allottee on the 3rd day of May, 1904, and that this evidence is competent for your consideration, together with the testimony of his mother and sister and all the other facts and circumstances in the case which might in your judgment throw light on that question, you being the sole judges of the evidence and of the facts proven—and it is for you to say what weight and value any such evidence may have, taking the same in connection with and weighing same in connection with all the other evidence in the case."

And contend that the same is improper and constitutes reversible error, because it calls special attention to the testimony given by the witness, Cobb, who was called as a witness for the defendant, and among other things gave evidence of a conversation had with William Scott and with the father of William Scott, prior to his death, concerning the age of the said William Scott. The court in giving this instruction evidently had in mind the fact that it was hearsay evidence, and was endeavoring to convey to the minds of the jurors that they should not disregard it because of its nature. This portion of the instruction complained of is not favored by the courts, but we think, taking the instruction as a whole, it contains no

vice which would justify a reversal of the case. It is clear that the court intended and and so directed the jury to take into consideration all of the evidence admitted in the trial of the case.

36 Cyc., "Trial," page 1678, announces the rule as follows:

"* * * And it has been held that error is not assignable for singling out particular facts where the jury is further instructed to consider all the evidence."

In case of Gordon v. Burris, 153 Mo. 223, 54 S. W. 546, in the seventh paragraph of the syllabus the court held:

"A charge telling the jury they might consider certain facts, is not objectionable in singling out particular facts, where it directed the jury to take into consideration all the facts and circumstances in evidence."

And in the body of the opinion the court distinguishes between cases where the courts instruct the jury and direct the consideration of certain facts, and where an instruction may contain such a statement, but goes further and directs the jury to consider all of the evidence in the case, and that is the character of the instruction here complained of, hence, we find no error in the instruction.

The evidence in this case is far from satisfactory, but the burden of proof was upon the plaintiffs to establish the material allegations of their petition, and the principal issue joined by the pleadings in this case and upon which the rights of the parties must stand or fall was that of the age of the allottee, William Scott, at the time of the execution of the first deed, under which the defendants now hold, the validity of which is attacked by plaintiffs. The general verdict of the jury against the plaintiffs and in favor of the defendants must be regarded as a finding against the plaintiffs on this particular question, and the verdict was approved by the trial court. We are inclined to the opinion that the evidence of plaintiffs, together with all of the evidence introduced in the trial of the case, is wholly insufficient to establish the allegations of the plaintiffs' petition, that the deed was void because executed by William Scott prior to the time he became of age, and we therefore find that the judgment of the trial court should be and the same is hereby affirmed.

By the Court: It is so ordered.

Note.—See under (1) 22 C. J. p. 239, § 227; 10 R. C. L. 964; 2 R. C. L. Supp. p. 1122. (2) 38 Cyc. p. 1678. (3) 4 C. J. p. 1130, § 3122.