## CHAPMAN v. CARROLL et al.

No. 18361. Opinion Filed Sept. 25, 1928.

Rehearing Denied Dec. 24, 1928.

Hughes, Foster & Ellinghausen and Earl A. Brown, for plaintiff in error.

Cheatham & Beaver, for defendants in error.

RILEY, J. Fred A. Chapman, plaintiff below, brought suit against O. G. Carroll, Harry Davidson, and C. H. Purdy, to recover the sum of $5,000 damages, under the terms of a bond executed by Carroll, as principal, and Davidson and Purdy, as sureties, as security for the performance of the terms and conditions of a drilling contract.

Carroll filed a plea in abatement, based upon his bankruptcy, which was sustained. The cause was tried to a jury. The judgment based upon the verdict of the jury was for defendants Davidson and Purdy, from which Chapman appeals.

There is just one question in this controversy, and that is: Did Chapman interfere and obstruct Carroll so as to prevent him from performing his drilling contract? That question was settled by the jury's verdict in the affirmative. It is only necessary now to ascertain whether there is competent evidence reasonably tending to support the verdict. Defendant Purdy testified in substance:

"After Carroll had commenced to drill under the terms of the contract, I was informed by Davidson, a party to the contract, that on account of fuel shortage Carroll had shut down, but that a new crew had been secured and fuel arranged for and preparations made to 'start up,' when it was discovered that Chapman had moved the drilling tools theretofore used in the well and left there by Carroll. I went out to investigate the matters. and found that Mr. Carroll's tools had been moved out from the rig and pulled off a ways, and that Mr. Chapman's tools were moved in there ready for working."

Mr. Brown, in rebuttal, testified for plaintiff that in March, 1923, Mr. Chapman moved

in and took charge of the lease involved in the contract.

The plaintiff in error states the facts to be as follows:

"Following the execution of the contract, said O. G. Carroll entered upon the premises on December 10, 1922, and commenced work. He drilled for about 20 days, and then shut down for a period of approximately 38 days. He then started drilling again and drilled for 22 days, and then shut down again for seven or eight days. He then commenced drilling and drilled for 20 days, or until March 24, 1923, and following this, he made no further effort to drill said well, although the lease did not expire until May 9, 1923, some 45 days thereafter."

Yates testified for plaintiff below that he was hired by Mr. Chapman to guard the tools and was placed in charge of the lease (probably referring to Chapman's tools), and that four or five days after March 25, 1923, Mr. Chapman moved his tools; that Mr. Chapman moved Carroll's tools off of the job and took Carroll's engine out of the house.

We hold there is some competent evidence reasonably tending to support the verdict of the jury. Therefore, under the rule in Youngblood v. Boake, 124 Okla. 84, 253 Pac. 1017, and Mander v. Harvey, 119 Okla. 185, 249 Pac. 391, the judgment is affirmed.

BRANSON, C. J., MASON, V. C. J., and PHELPS, LESTER, and CLARK, JJ., concur.