## NATIONAL AID LIFE ASS'N v. MORGAN.

No. 20946.     Jan. 23, 1934.

Rehearing Denied May 8, 1934.

Wilson & Duncan and Snyder, Owen & Lybrand, for plaintiff in error.

Hugh C. Jones and Kelly Brown, for defendant in error.

ANDREWS, J. The plaintiff in error, as plaintiff, filed in the district court of Osage county a petition against the defendant in error as defendant, to recover certain money paid by the plaintiff to the defendant as beneficiary under an insurance policy on the life of James D. McCready, deceased. The parties appear here as they appeared in the trial court.

It was alleged in the petition that the defendant caused his father-in-law, James D. McCready, to make application to the plaintiff for a $1,000 mutual benefit certificate upon the life of James D. McCready, naming the defendant as beneficiary; that the application contained fraudulent statements in that the age of the applicant was declared to be 54 years in order to bring it within the age limit of 55 years stipulated in the application; that both the defendant and the applicant well knew that the applicant was over 55 years of age; that a fraudulent conspiracy existed between the defendant and McCready to overreach the plaintiff; that the plaintiff relied on the

truthfulness of the false warranties and representations and issued the benefit certificate, and that after the death of the insured, the plaintiff paid the defendant as beneficiary the sum of $1,009.50, the amount of the face value of the policy and interest in the reserve fund. The plaintiff prayed for the cancellation of the certificate, the return of the money paid, or for judgment in lieu thereof, and for $500 for compensation for time and money expended in pursuit of the trust fund and money converted or attempted to be converted.

The plaintiff moved the court to treat the case as a suit in equity and to submit to the jury a special interrogatory as to the date when James D. McCready was born, and no other question. The plaintiff then moved the court to submit to the jury an interrogatory as to the approximate age of James D. McCready at the time he made application for the benefit certificate. The plaintiff then filed with the court a request for a peremptory instruction in favor of the plaintiff. Those motions were overruled.

No testimony was introduced as to the amount of money expended by the plaintiff, and that question was not presented to the jury.

The court instructed the jury, in substance, that if it believed from a preponderance of the evidence that McCready, at the time of making his application, stated that he was 54 years of age, and that the statement was false and McCready was of a greater age than 54, then its verdict should be for the plaintiff. The verdict being for the defendant, the plaintiff filed a motion for judgment notwithstanding the verdict and a motion for new trial. Both motions were overruled, and the plaintiff appealed.

The plaintiff contends that the action was one of equitable cognizance and not a legal action, and that the trial court erred in not trying it as such.

The action was for the recovery of money alleged to have been obtained by fraud. It was an action at law. The fact that the plaintiff prayed for cancellation of a certificate or for a declaration of trust did not operate to convert the law action into an equitable proceeding. A suit to recover a judgment for the amount due on an insurance policy is a law action triable to a jury. A plea of fraud in the procuring of the insurance policy does not convert it into an equitable proceeding. Nor can an insurance company pay such a loss, and, in an action to recover the amount paid, con-

tend that the proceeding is an equitable one. The question before the court was whether or not McCready had knowingly made false statements and representations as to his age in his application. If his age was not falsely represented, there was no ground for recovery. The cause was properly submitted to a jury. Sections 350 and 372, O. S. 1931; Word et al. v. Nakdimen et al., 74 Okla. 229, 178 P. 257; Childs et al. v. Cook et al., 68 Okla. 240, 174 P. 274.

The plaintiff contends that the trial court erred in admitting testimony as to what McCready said about his age.

There was no positive testimony as to the age of McCready. The testimony was almost entirely hearsay, and it was admitted under the rule stated in Mandler et al. v. Harvey et al., 119 Okla. 185, 249 P. 391, as follows:

"Hearsay testimony is permissible to establish the date of birth and age of a person when based on statements pertaining to such facts, made by members of the family of the party whose age is in question, or other persons known to have been so situated as to have had knowledge of such facts."

See, also, Stevens v. Elliott et al., 30 Okla. 41, 118 P. 407.

The plaintiff contends that it could show statements of McCready as to his age in order to establish a case, but that the defendant could not do so by way of a defense. We know of no such rule of law. The plaintiff is not in a position to complain of the introduction of the testimony on behalf of the defendant.

The plaintiff contends that the trial court erred in denying its motion for a peremptory instruction and in refusing a new trial. The record shows that both parties introduced a number of witnesses and that their testimony was conflicting. The issues thus formed and submitted under proper instructions of the court having been resolved in favor of the defendant from conflicting evidence, a judgment thereon will not be disturbed on appeal where there is any competent evidence reasonably tending to support the same. Chapman v. Carroll et al., 134 Okla. 65, 272 P. 850.

The plaintiff contends that some of the witnesses for the defendant were guilty of perjury in knowingly testifying as to the age of McCready. False evidence or perjury alone, relative to an issue tried, is not a sufficient ground for vacating or setting aside a judgment. In Vacuum Oil Co.

v. Brett, 150 Okla. 153, 300 P. 632, this court held:

"False evidence or perjury alone, relative to an issue tried, is not sufficient ground for vacating or setting aside a judgment; the fraud which will authorize the court to vacate a judgment must be extrinsic or collateral to the issues tried in the cause wherein the judgment was rendered; it must be such fraud as to prevent the other from having a trial of the issues." Following Thigpen v. Duetsch et al., 66 Okla. 19, 166 P. 901, and other decisions cited therein.

The trial court committed no reversible error, and the judgment is affirmed.

RILEY, C. J., CULLISON, V. C. J., and BUSBY and BAYLESS, JJ., concur.