### OKLAHOMA UNION INSURANCE CO. v. MORGAN.

No. 20945.   Jan. 23, 1934.

Rehearing Denied March 27, 1934.

Application to File Second Petition for Rehearing Denied May 8, 1934.

William F. Collins and Wilson & Duncan, for plaintiff in error.

Hugh C. Jones and Kelly Brown, for defendant in error.

ANDREWS, J. The plaintiff in error, as plaintiff, filed this action against the defendant in error, as defendant, in the district court of Osage county to recover certain money paid by plaintiff to the defendant as beneficiary under an insurance policy on the life of James D. McCready, deceased. The cause was tried to a jury, resulting in a verdict and judgment for the defendant. The parties appear here as they appeared in the trial court.

It was alleged in the plaintiff's petition that the defendant caused his father-in-law, James D. McCready, to make application for two mutual benefit certificates upon the life of James D. McCready, naming the defendant as beneficiary; that the applications contained fraudulent statements in that the age of the applicant was declared to be 54 years in order to bring the applicant within the age limit of 55 years; that both the defendant and the applicant well knew that the applicant was then over 55 years of age; that a fraudulent conspiracy existed between the defendant and McCready to overreach the plaintiff; that the plaintiff relied upon the truthfulness of the false warranties and representations and issued the benefit certificates, and that after the death of the insured, the plaintiff paid the defendant, as beneficiary therein, upon the death of McCready the sum provided by the certificates.

The only question submitted to the jury was the age of the insured at the time the policy was issued. A great deal of testimony was introduced, both by the plaintiff and the defendant, as to the age of the insured. The testimony was conflicting, much of it being hearsay, and no definite testi-

mony as to the age of the insured was introduced. The question of the age of James D. McCready, the insured, was a question for the determination of the jury. The issues formed and submitted under proper instructions of the court were resolved in favor of the defendant from conflicting evidence. The judgment thereon will not be disturbed on appeal, for the reason that there was some competent evidence reasonably tending to support it. Chapman v. Carroll, 134 Okla. 65, 272 P. 850.

The plaintiff contends that the action was one of equitable cognizance and not a legal action, and that the trial court erred in not trying it as such.

The action was for the recovery of money alleged to have been obtained by fraud. It was an action at law. The fact that the plaintiff prayed for cancellation of a certificate or for a declaration of trust did not operate to convert the law action into an equitable proceeding. A suit to recover a judgment for the amount due on an insurance policy is a law action triable to a jury. A plea of fraud in the procuring of the insurance policy does not convert it into an equitable proceeding. Nor can an insurance company pay such a loss and, in an action to recover the amount paid, contend that the proceeding is an equitable one. The question before the court was whether or not McCready had knowingly made false statements and representations as to his age in his application. If his age was not falsely represented, there was no ground for recovery. The cause was properly submitted to a jury. Sections 350 and 372, O. S. 1931. Word et al. v. Nakdimen et al., 74 Okla. 229, 178 P. 257; Childs et al. v. Cook et al., 68 Okla. 240, 174 P. 274.

The plaintiff contends that the trial court erred in admitting testimony as to what McCready said about his age.

There was no positive testimony as to the age of McCready. The testimony was almost entirely hearsay, and it was admitted under the rule stated in Mandler et al. v. Harvey et al., 119 Okla. 185, 249 P. 391, as follows:

"Hearsay testimony is permissible to establish the date of birth and age of a person when based on statements pertaining to such facts, made by members of the family of the party whose age is in question, or other persons, known to have been so situated as to have had knowledge of such facts."

See, also, Stevens v. Elliott, 30 Okla. 41, 118 P. 407.

The plaintiff contends that it could show statements of McCready as to his age in order to establish a case, but that the defendant could not do so by way of a defense. We know of no such rule of law. The plaintiff is not in a position to complain of the introduction of the testimony on behalf of the defendant.

The plaintiff contends that the trial court erred in denying its motion for a peremptory instruction and in refusing a new trial. The record shows that both parties introduced a number of witnesses and that their testimony was conflicting. The issues thus formed and submitted under proper instructions of the court having been resolved in favor of the defendant from conflicting evidence, a judgment thereon will not be disturbed on appeal where there is any competent evidence reasonably tending to support the same. Chapman v. Carroll, supra.

The plaintiff contends that some of the witnesses for the defendant were guilty of perjury in knowingly testifying as to the age of McCready. False evidence or perjury alone, relative to an issue tried, is not a sufficient ground for vacating or setting aside a judgment. In Vacuum Oil Co. v. Brett, 150 Okla. 153, 300 P. 632, this court held:

"False evidence or perjury alone, relative to an issue tried, is not sufficient ground for vacating or setting aside a judgment; the fraud which will authorize the court to vacate a judgment must be extrinsic or collateral to the issues tried in the cause wherein the judgment was rendered; it must be such fraud as to prevent the other from having a trial of the issues." Following Thigpen v. Deutsch, 66 Okla. 19, 166 P. 901, and other decisions cited therein.

The trial court committed no reversible error, and the judgment is affirmed.

RILEY, C. J., CULLISON, V. C. J., and BUSBY and BAYLESS, JJ., concur.