**AMERICAN EMPLOYERS' INSURANCE COMPANY, Plaintiff in Error,**

v.

**J. F. McGEEHEE, Defendant in Error.**

**No. 42629.**

Supreme Court of Oklahoma.

March 23, 1971.

Rehearing Denied June 15, 1971.

Cook & O'Toole, Oklahoma City, for plaintiff in error.

Schwoerke & Schwoerke and William R. Davis, Oklahoma City, for defendant in error.

McINERNEY, Justice.

American Employers' Insurance Company (Garnishee) issued an automobile liability policy to Jimmy Odus Vessell. J. F. McGeehee (Plaintiff) secured a default judgment against Vessell for personal injuries sustained while assisting Vessell in cleaning out or emptying the feed bed of Vessell's truck. Vessell owned a feed mill in which Plaintiff was employed. The accident occurred on a Saturday on the general premises of the mill. Plaintiff testified that his regular work week was Monday through Friday. Plaintiff, as a judgment creditor of Vessell, proceeded in garnishment against Garnishee to collect under Vessell's policy. Garnishee denied coverage for the accident, alleging Plaintiff was an employee within the meaning of its policy clause excluding from coverage injuries to "any employee" of the insured.

A jury was empaneled to determine the factual question, and only issue involved in the controversy, of whether Plaintiff was employed by and working for Vessell on the day at the time of the accident. At the conclusion of the evidence and the instructions, the jury returned an interrogatory answering affirmatively the question of whether or not Plaintiff was so employed. The trial judge later set aside the verdict on the grounds that it was advisory only and that he could not conscientiously approve the conclusion reached by the jury. A judgment non obstante veredicto was then entered in favor of Plaintiff. Plaintiff withdrew his motion for a new trial; thus no predicate exists for urging asserted error in one of the instructions. The interrogatory submitted to the jury contained the only issue of fact to be determined, and its answer is equivalent to a general verdict. Edwards v. Rutland Savings Bank, 181 Okl. 643, 75 P.2d 1152 (1938); First National Bank of Oktaha v. Jones, 111 Okl. 116, 238 P. 488 (1925).

We reverse on the grounds that Garnishee is entitled to a trial by jury when the issue of its indebtedness to a judgment debtor, as later explained, is in factual dispute and there is competent, though weak, evidence to support the verdict of the jury. We construe 12 O.S. Supp.1970, § 1177 (as amended in 1965), which provides, in part, " * * * the issue shall stand for trial as a civil action" in conjunction with Article 2, § 19, Constitution of Oklahoma, relating to trial by jury, in reaching our conclusion.

The question of a garnishee's right to trial by jury has never been directly resolved in Oklahoma, Employers Mutual Casualty Co. v. Hart, Okl., 422 P.2d 422, 425 (1967). There is some authority for either view; Jarecki Mfg. Co. v. Fleming, 170 Okl. 70, 38 P.2d 925, 927 and Moral Ins. Co. v. Steves, 208 Okl. 529, 257 P.2d 836, 840 (1953). We settle the question in this case, and disapprove those cases announcing a contrary view.

Let us first briefly consider what is actually happening in garnishment. A judgment creditor, in effect, is simply enforcing his judgment debtor's cause of action against a third party; it might be said that the judgment creditor, with respect to this third party (the garnishee), does no more than "stand in the shoes" of his judgment debtor, Jacobs v. Colcord, 136 Okl. 158, 275 P. 649, Syl. 2 (1929), or, stated otherwise, in garnishment the judgment debtor's cause against the third party (garnishee), such as it may be, is merely "assigned" to the judgment creditor. Bell-Wayland Co. v. Nixon, 57 Okl. 138, 156 P. 1195, Syl. 1 (1916).

If, therefore, the judgment debtor himself would have to contend with a jury in a direct action against this outside party, on the cause of the latter's indebtedness to the judgment debtor, as Vessell would here, there seems no logical reason why the judgment creditor, in merely enforcing his judgment debtor's rights, should not likewise also have to overcome before a similar jury the garnishee's same interposed defenses. In other words, the *garnishee's* right to a jury depends, logically, only on whether the alleged *debt* is triable to a jury, and should not fail merely because of a purely procedural substitution of *parties* in enforcing what still remains the one and the same debt.

We do not mean to imply, of course, that *all* contested debts allegedly owed by third parties to judgment debtors are necessarily triable as of right by a jury upon garnishment by judgment creditors. The right to trial by jury has long been held applicable only to actions "at law," Keeter v. State, 82 Okl. 89, 198 Pac. 866 (1921); Mathews v. Sniggs, 75 Okl. 108, 182 P. 703 (1919), rather than to such things as "equity" debts (owing, for example, by former spouses, trustees, or the like). Since in such a latter case the trial of an "equity" debt between the judgment debtor himself and the third party would not be by jury, then also would such a debt not be tried by a jury when pursued by a

judgment creditor on garnishment. And even in the case of a "law" debt, moreover, it still might happen that the facts would not be in dispute, but only the legal consequences flowing therefrom; under 12 O.S. 1961, § 556, a jury would not appear necessary. However, a suit to recover a judgment for the amount due on an insurance policy is a law action triable to a jury. Oklahoma Union Ins. Co. v. Morgan, 168 Okl. 228, 229, 32 P.2d 285, 289 (1934); Nat'l Aid Life Assn. v. Morgan, 168 Okl. 226, 227, 32 P.2d 288, 289 (1934).

Our conclusion expresses the majority view on the issue presented. Argonaut Ins. Co. v. Ketchen, 243 Or. 376, 413 P.2d 613, 19 A.L.R.3d 1386 (1966), and the annotation following the reported case commencing on page 1393.

■ We now turn to the question of the sufficiency of the evidence. It is the jury's exclusive province in a law action to resolve conflicts in competent evidence on the testimony submitted, Young v. Darter, Okl., 363 P.2d 829, 835 and Syl. 3 (1961). The Supreme Court will not invade the province of the jury to weigh the evidence on appeal. Illinois Bankers Life Ass'n v. Hardy, 174 Okl. 326, 51 P.2d 292 (1935); Oklahoma Union Ins. Co. v. Morgan, supra. The sufficiency of the evidence to sustain a judgment in an action of legal cognizance will be determined in the light of evidence tending to support the judgment, together with every reasonable inference deducible therefrom, rejecting all evidence adduced by the adverse party which conflicts with the direct evidence or the reasonable inference. Smith v. Davis, Okl., 430 P.2d 799 (1967). Where the facts bearing on Plaintiff's status in relation to Vessell are disputed, or conflicting inferences may reasonably be drawn from the known facts, the issue of whether Plaintiff was an employee or not at the time of the accident should be submitted to the jury. Flick v. Crouch, Okl., 434 P.2d 256 (1967).

Plaintiff was regularly employed by Vessell at the mill. The accident occurred while Plaintiff and Vessell were engaged in activities relating to Vessell's truck in near vicinity to the mill. Plaintiff told the nurse at the hospital that "he was injured at work when he was working on the feed truck." Vessell permitted a default judgment in the full amount sought by Plaintiff to be entered against him. Plaintiff is assured collection of this amount if successful in the garnishment action; Vessell will likewise be relieved of a present liability.

■ There is competent evidence in the record, together with reasonable determinations of credibility and permissible inferences of ultimate fact, to sustain the verdict of the jury when measured by the standard applicable for appellate review in matters of legal cognizance. Shell Pipe Line Corp. v. Curtis, Okl., 287 P.2d 681 (1955). The trial court therefore erred in setting aside the jury's verdict.

Reversed and remanded with directions to enter judgment for Garnishee in accord with the jury's verdict.

All the Justices concur.