MARY A. TESSMANN v. THE SUPREME COMMANDERY OF THE UNITED FRIENDS OF MICHIGAN.

*Mutual benefit societies — Proofs of death — Evidence — Parish registers — Declarations of insured.*

1. The constitution of a benefit society provided that further proofs of death might be required if deemed necessary by the supreme commander, who might prescribe a form therefor. After proofs had been furnished, the treasurer of the society demanded further proofs, and the payment of the death benefit was resisted on the ground that such demand was not complied with. It did not appear that the supreme commander ever acted upon the subject. And it is held that the constitution only justified the society in demanding further proofs when deemed necessary by the supreme commander, and that

this discretion could not be transferred by that officer or vested in another.

2. Certificates based upon the parish registry of baptisms and marriages kept in a foreign country, which do not purport to be authenticated copies of such registry, but simply assert that certain facts are shown thereby, are not competent evidence of the facts so stated.

3. Where a death-benefit certificate is made payable in the first instance to a beneficiary therein named, and no right is reserved in the member to change the beneficiary by will or otherwise, the statements of the member, made after the issuance of the certificate, to the effect that she had misrepresented her age in her application, are not admissible in evidence for the purpose of defeating an action by the beneficiary on the certificate.

Error to Wayne.   (Hosmer, J.)   Submitted on briefs, November 1, 1894.   Decided December 18, 1894.

*Assumpsit.*   Defendant brings error.   Affirmed.   The facts are stated in the opinion.

*Thomas Hislop,* for appellant.

*William Look* and *H. F. Chipman,* for plaintiff.

MONTGOMERY, J.   This action is brought upon a relief-fund certificate issued by the defendant society to Josephine Eichstaedt, by the terms of which a sum not exceeding $1,000 is made payable, in case of death, to the plaintiff, who is the daughter of Mrs. Eichstaedt. The plaintiff recovered a judgment for the amount named, with interest. The defenses interposed were, first, that proper proofs of death were not furnished, the claim being that, after the proofs were furnished, a demand for further proofs upon the subject of the birth of the deceased was made by the company. The second defense was that the deceased, in her application, stated her age to be 51 years, when in fact it was 58 years.

1. It is not claimed but that full proofs of death were

furnished, but the constitution contained the provision that—

"Further proof may be required if deemed necessary by the supreme commander. He may prescribe a form therefor."

After the proofs of death were furnished, the plaintiff's counsel received from the supreme commander a communication as follows:

"Your communication, in regard to the claim of your client on policy in the United Friends of Michigan, has been referred to C. Uelsmann, 138 Randolph street, your city, supreme treasurer of our order.

"Respectfully yours,
"W. H. ANDREWS, Supreme Commander."

Uelsmann testified that he demanded further proofs of the plaintiff, but it does not appear that the supreme commander, who was the only person vested with the power to demand further proofs of death after proofs which would otherwise be sufficient in law had been furnished, ever personally acted upon the subject, and the constitution only justified defendant in demanding further proof when deemed necessary by the supreme commander. This discretion is one which, under the laws of the order, so far as appears, could not be transferred by the supreme commander or vested in another.

2. There is no doubt that the circuit judge correctly submitted to the jury the question of fact as to whether the age of Mrs. Eichstaedt was correctly stated in the application. But it is insisted that error was committed in excluding certain testimony offered by the defendant bearing upon this question. The defendant offered in evidence a certificate of baptism of the person claimed to have been Mrs. Eichstaedt, and also a certificate of baptism of a daughter claimed to have been born to her in 1860, and a certificate of marriage between Julius Alex-

ander Eichstaedt and one Josephine Kaczor.    The first of these certificates was in the following form:

"Upon the basis of the registry of baptisms at this place, it is certified that Catharina, married to Kaczor, born Wolszczon, during her marriage with the peasant Christian Kaczor, at Kl. Starsin, in the district of Putzig, West Prussia, on the 25th day of February, 1831, gave birth to a daughter, who, in holy baptism on the 10th of March of the same year, received the name of Josephine.
"Gr. Starsin, the 5th of July, 1892.
"The Catholic Parish,
"Ryczynski, Priest."

The other certificates were in material respects the same, being in form an assertion or certificate that a certain fact was shown by the register of the parish.    Attached to these certificates was a certificate of the consular agent to the genuineness of the signature of the priest.

That the originals of these parish registers were admissible, or that the actual contents of the registers, when duly proved by an authenticated copy, might be received, is, we think, established by *Hunt v. Order of Chosen Friends*, 64 Mich. 671.    But we think the circuit judge ruled correctly in excluding the certificates here offered, upon the ground stated by him, which was:

"Because the papers that were offered were not themselves either sworn or certified copies of the entries in the books, but simply, so far as I can judge of their contents on the translation which was offered, certificates which were based upon some entries in books, but not copies of the entries themselves."

See *Owen v. Boyle*, 15 Me. 147; 1 Greenl. Ev. §§ 484, 485.

Defendant's counsel rely upon the case of *Hutchins v. Kimmell*, 31 Mich. 126, in which a certificate of a resident minister that certain facts appeared in his parish register is claimed to have been treated as proof of the fact.    But

it is to be noted that the objections to the instrument in *Hutchins v. Kimmell* were:

"*First,* because they were not accompanied by any proof of the foreign law regulating marriages in Wurtemberg; and, *second,* because it is not sufficient that a ceremony was performed purporting to be a marriage, unless it is also shown that such ceremony was recognized by, and in accordance with, the law of the country where it took place."

Mr. Justice COOLEY was very careful to indicate that the Court was considering only these objections to the instrument, for it is stated in the opinion:

"We take these objections as they are presented in the brief of counsel for the plaintiff in error, rather than as they were made below, because we have a right to suppose that, as thus given, they point out all the error in law supposed to have been committed in their reception, and that they have been framed with deliberation, with a view to calling our attention to the precise point which is designed as the subject of our examination. *It will be perceived that no point is made upon the proof, by these certificates or otherwise, of the fact of a ceremony of marriage between the parties named in the minister's certificate,* but the objections are narrowed to this: That there is no proper and legal showing of what was the law of Wurtemberg on the subject of marriage, and consequently it does not appear that the ceremony perfected a legal marriage."

The case does not sustain the defendant's contention, and the opinion was apparently written with especial care that it should not be open to such construction.

3. The only other question which we think requires discussion is whether the statements of Mrs. Eichstaedt, made after the issuing of the policy, to the effect that she had misrepresented her age, were admissible for the purpose of defeating the action by the plaintiff. The policy in question was made payable, in the first instance, to the plaintiff. So far as the record shows, there was reserved in the member no right to change the beneficiary by will

or otherwise. In such case her declaration, relating to past events, and made after the issuing of the policy, is not admissible in evidence for the purpose of defeating an action by the beneficiary. *Lazensky v. Supreme Lodge Knights of Honor,* 31 Fed. Rep. 592; *Insurance Co. v. Burke,* 12 Ins. Law J. 337; *Rawls v. Insurance Co.,* 27 N. Y. 290; *Insurance Co. v. Applegate,* 7 Ohio St. 292; *Insurance Co. v. Haney,* 10 Kan. 525; Nibl. Mut. Ben. Soc. § 377.

We find no error in the record.

Judgment will be affirmed, with costs.

The other Justices concurred.