MARIA HUBATKA AND CARL HUBATKA, HER HUSBAND.
v. FRANK MAIERHOFFER.

Argued November 29, 1910—Decided June 28, 1911.

1. A judgment under review will not be reversed upon a ground not taken in the court below.
2. Declarations of deceased persons upon matters of pedigree are admissible in evidence only when the persons making them were related by blood or marriage to the person concerning whom the declarations were made.
3. Where the question for determination is whether a marriage existed or not, the declaration of one of the parties to the alleged marriage, who is since deceased, cannot be received in evidence against the other party if not made in his or her presence.

On error to the Supreme Court, whose opinion is reported in 50 *Vroom* 264.

For the plaintiff in error, *Alan H. Strong* and *William R. Wilson*.

For the defendants in error, *William D. Wolfskeil*.

The opinion of the court was delivered by

Gummere, Chief Justice. This writ of error brings up for review a judgment of the Supreme Court, affirming a judg-

ment of the Union Circuit Court, rendered in favor of the plaintiffs in an action of ejectment brought by them against the defendant. The suit was brought to recover an undivided half interest in a tract of land conveyed by Jacob Martin and wife to the defendant, and to Josephine Shelka under the name of Josephine Maierhoffer. Josephine Shelka was the mother of the plaintiff Maria Hubatka, and died before this action was brought. The rights of the parties depend upon whether or not at the time of the conveyance Josephine was the wife of the defendant. If she was, then the husband and wife took under it an estate by the entirety, and upon the death of Josephine the whole estate vested in the husband as survivor. If she was not, then she and the defendant were tenants in common of the estate conveyed, and upon her death her undivided interest in it passed to her daughter.

We concur in the view expressed by the Supreme Court that the motion to nonsuit the plaintiff was properly refused, for the reason that there was sufficient evidence offered and received to support the conclusion that the defendant and Josephine Shelka were not husband and wife at the time of the conveyance to them.

It is contended before us that the plaintiff was estopped to deny that the defendant and Josephine were married at the time of the conveyance to them, for the reason that the recital, or statement, therein that Josephine was the wife of the defendant is binding upon all parties to the deed and their privies. We find nothing in the record, however, to show that any such contention was made before the trial court, or was made the subject of an assignment of error on the review by the Supreme Court. That being so it cannot be considered by us as a ground for reversal.

The conclusion of the Supreme Court that proof of statements testified to have been made by Josephine during her lifetime, not in the presence of the defendant, tending to show that she was not the wife of the defendant at the time of the conveyance to them, and admitted over objection interposed on behalf of the defendant, was competent, we think, is unsound. That the testimony was hearsay goes without saying. The Su-

preme Court considered that it concerned matters of pedigree, and was for that reason admissible. The declarations themselves, it seems to us, demonstrate that they were not admissible upon the ground indicated, for it is entirely settled that the admission of such testimony is restricted to declarations of deceased persons who were related by blood or marriage to the person concerning whom the declarations were made. 1 *Greenl. Evid.*, § 103; 1 *Phil. Ev.* *271; *Tayl. Ev.*, § 635. The declarations in question showing, as they did, that the decedent was not within the restricted class referred to, carried with them the evidence of their inadmissibility as to matters of pedigree.

In the following cases it has been held that where the question for determination is whether a marriage exists or not, the declaration of one of the parties to the alleged marriage, who is since deceased, cannot be received in evidence against the other party, if not made in his or her presence: *Hill* v. *Hill,* 32 *Pa. St.* 511; *Hulett* v. *Carey,* 66 *Minn.* 327, 334; *Thompson* v. *Nims, Executor, &c.,* 83 *Wis.* 261; *Estate of James,* 124 *Cal.* 653. We think this view the correct one; and because of the illegal admission of the statements of Josephine Shelka tending to show that she was not married to the defendant the judgment must be reversed.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, REED, BERGEN, VOORHEES, MINTURN, BOGERT, VREDENBURGH, VROOM, CONGDON, JJ. 11.