LIFE & CASUALTY INS. CO. *v.* PARKER.

(Division B.   May 20, 1935.)

[161 So. 465.   No. 31745.]

**L. C. Gwin,** of Natchez, for appellant.

**Whittington & Brown,** of Natchez, for appellee.

**Griffith, J.,** delivered the opinion of the court.

The policy of insurance sued upon contains the provision that, "if the age of the assured be misstated, the amount payable under this policy shall be such as the premium would have purchased at the correct insur-

able age.'' The age stated in the policy is twenty-six. According to the record, the assured had only two near relatives, his mother and his brother—the brother being forty-five years old—with whom the assured lived. Both the mother and the brother testified that at the date of the policy the assured was thirty-three years old. The only contradiction of this was the testimony of two witnesses who gave their estimate of his age from their observation of his appearance, and who testified that the assured had told them he was about twenty-six years old at the time of the issuance of the policy.

The last-mentioned statements by the assured, although unsworn, 22 C. J., p. 239, note 94, were sufficient to take the case to the jury; but under the opinion in the recent case, Messina v. New York Life Ins. Co. (Miss.), 161 So. 460, the direct testimony of the mother and the much older brother, delivered as witnesses under oath, is of so much higher grade in quality of proof that we must hold that upon the issue of age the verdict is against the great weight of the evidence.

We are inclined to the opinion also that the verdict is against the great weight of the evidence upon the issue of the diseased condition of the assured at the time of the delivery of the policy, but, since the judgment must be reversed upon the other issue, we do not pursue the second inquiry.

Reversed and remanded.