CHARLES BARSOTTI, SR., and others, complainants-respondents,

*v.*

ANGELO C. BERTOLINO, as executor, &c., and the EQUITABLE TRUST COMPANY OF NEW YORK, as executor, &c., and others, defendants-appellants.

[Argued October 30th, 1936.  Decided January 28th, 1937.]

*Mr. Andrew O. Wittreich,* for the claimant-appellant, Milford F. Gahrmann, on the appeal and claimant-appellee on the cross-appeal.

*Mr. Raymond Schroeder,* for the claimant-appellee, Gertrude G. Reinhard, on the appeal and claimant-appellant on the cross-appeal.

*Messrs. Lindabury, Depue & Faulks,* for the trustees.

PER CURIAM.

This is an appeal from a decree determining, among other things, that Gertrude G. Reinhard is the only surviving child of Anna Jurgenson (formerly Anna Gahrmann), deceased, and that Milford F. Gahrmann is not the child of the decedent. The net result of this finding by the court of chancery is that there was awarded to the said Gertrude G. Reinhard the entire capital of the trust estate created by her grandfather and held by trustees for the benefit of her deceased mother during her life, remainder to her children.

The contest in the record before us was confined to whether the said Milford Gahrmann was the child of the decedent and Frederick W. Gahrmann, her divorced husband, and, consequently, the brother of Gertrude G. Reinhard, which, if true, would have entitled him to one-half of the said trust estate.

Gahrmann appeals from that portion of the decree excluding him from participation in the fund and Mrs. Reinhard appeals from that portion of the decree awarding a counsel fee and costs to the unsuccessful claimant.

The case was entirely one of fact. The court found that the claimant, Milford F. Gahrmann, was not the son of the decedent by her marriage to Frederick W. Gahrmann, but that he had been taken into their home when he was between two and three years old, shortly after their own son died in infancy, and had been raised by this couple up to the time they were divorced, at which time he was about seven years old.

We are in accord with the findings of the vice-chancellor on this issue and deem it necessary only to advert to one phase of the evidence received by the court. The court admitted the testimony of several witnesses, embodying the declarations of the decedent that Gahrmann was not her child. The statements of the decedent that Gertrude was her child were admissible. This is a well known exception to the hearsay rule but "the admission of such testimony is restricted to declarations of deceased persons who were related by blood or marriage to the persons concerning whom the declarations

were made." *1 Greenl. Evid.* § *103;* 1 *Phil. Ev.* \**271; Taylor Ev.* § *635; Hubatka* v. *Maierhoffer, 81 N. J. Law 410.* It follows then, generally, that the declarations of a decedent, not related by blood or marriage to the person concerning whom they are made, are hearsay and inadmissible as to pedigree. The court thought the rule broad enough to receive, from the witnesses, such declarations of a decedent who had stood *in loco parentis,* as to the person about whom they were made. It is not necessary to decide that question at this time since the court found in this case, and we agree, that its finding would be the same "whether or not such evidence be excluded."

On the cross-appeal, challenging the allowance of counsel fee and costs to the losing party, the action of the court is approved. The trustees petitioned the court for directions as to what persons the *corpus* of this trust fund should be distributed and named as defendants in that petition Mrs. Reinhard and Mr. Gahrmann. They were in doubt as to Mr. Gahrmann's status. We think the rule as laid down in our cases is broad enough to justify the allowance of costs and counsel fee under the circumstances here exhibited. *Attorney-General* v. *Moore's Executors, 19 N. J. Eq. 503; Jacobus' Executor* v. *Jacobus, 20 N. J. Eq. 49; Larkin* v. *Wilcoff, 75 N. J. Eq. 462; 79 N. J. Eq. 209; Cooke* v. *Women's Medical College, 82 N. J. Eq. 179; West* v. *St. James Episcopal Church, 83 N. J. Eq. 324.*

The decree advised below is affirmed.

*For affirmance*—The Chief-Justice, Trenchard, Parker, Lloyd, Case, Bodine, Heher, Perskie, Hetfield, Dear, Wells, WolfsKeil, Rafferty, Cole, JJ. 14.

*For reversal*—None.