HYMAN KATZ, PLAINTIFF-RESPONDENT, v. NEW YORK LIFE INSURANCE COMPANY, A CORPORATION, DEFENDANT-APPELLANT.

Argued October 2, 1940—Decided October 28, 1940.

Before Justices BODINE and PORTER.

For the defendant-appellant, *Lindabury, Depue & Faulks* (*Walter F. Waldau*).

For the plaintiff-respondent, *Kanter & Kanter* (*Charles Kanter*).

BODINE, J. The present action was for disability benefits under a policy of insurance. The disability occurred November 10th, 1938. The plaintiff was entitled to payments if the disability occurred "before the anniversary of the policy on which the insured's age at nearest birthday is sixty."

The question for the trier of the facts was, what was plaintiff's age on June 5th, 1938, the policy anniversary. This court cannot disturb a District Court finding of fact where

there is evidence to support it, nor review findings of fact on conflicting evidence. However, when the trial judge does not perform a judicial function in evaluating the evidence adduced there is legal error remedial on appeal. *N. J. S. A.* 2:32-204; *Goldstein* v. *Barclay Amusement Corp.,* 123 *N. J. L.* 166. Further, if legal evidence is rejected the judgment may be reversed. In the instant case, legal evidence was not rejected.

The District Court weighed the evidence, as it could, and chose to believe the testimony of the insured and his relatives as to his age rather than the sworn statements made by him before the issue in question was of material moment. Even though we, as triers of fact, would not have so found such finding is not reversible error.

The insured, a naturalized American citizen, arrived in this country in December of 1900. His first papers in the naturalization proceedings were signed April 21st, 1915. In the affidavit to which the same signature is attached as made in his application for insurance, he deposed that he was born in Kupel, Russia, *March 15th, 1878.*

Under the Selective Draft act of May 18th, 1917, 40 *Stats.* 76, insured filed a questionnaire. A properly authenticated photostat copy of such record was admissible in evidence and was so received. *N. J. S. A.* 2:98-19; 28 *U. S. C. A.* 661; *Hawthorne* v. *Hoboken,* 35 *N. J. L.* 247; *Francis* v. *Newark,* 58 *Id.* 522. It showed that he was born at Kupel, Russia, March 15th, 1878; that he was married February 5th, 1903, and that his children were Jeanette twelve, Beatrice ten, Charles seven, Bertha four, and Jacob eleven months. This deposition was made November 11th, 1918.

The birth certificate of Jeanette Katz, a daughter, shows that she was born April 3d, 1906. In 1918, she would be twelve as stated in the War Department questionnaire. Insured's age was given as twenty-nine. However, in his daughter Beatrice's birth certificate, her birth being April 5th, 1918, his age is stated as thirty, which would coincide with the date given in the naturalization papers and in the war record. Again in Charles' certificate, his birth being August 14th, 1911, insured's age is stated as thirty-four.

The certified copies of the birth certificates were admissible in evidence. *N. J. S. A.* 2:98-14. They must contain the age of the father and mother at the last birthday and the attending physician is responsible for the statements therein. *N. J. S. A.* 26:8-29-30; *Aitken* v. *John Hancock Mutual Life,* 124 *N. J. L.* 58.

The records indicate that insured was born in 1878. He swore to this fact when he wanted to become a citizen and when his children were born, and when he claimed exemption from the army of his adopted country.

It is common knowledge that the cost of life insurance is cheaper the sooner in a man's life it is taken out. On June 5th, 1926, if insured was born March 15th, 1878, he would have been forty-eight and not forty-five as stated. Like many another he fixed his age for his own advantage.

There was, however, proof that insured was born, as he stated in his application for insurance. Since the trier of the fact in weighing the testimony so concluded, we cannot reverse.

Judgment is affirmed.