The insurance company in this action against assured and beneficiary, seeks reformation of two life policies so as to state therein the true age of assured.
A preliminary question is the admissibility of certain documentary evidence. Complainant offered exemplified copies of the record of assured's marriage, August 4th, 1906, in Brooklyn, New York; of the birth of his daughter Sadie, January 3d 1909, in Brooklyn; and of the birth of his daughter Emily, February 16th, 1914, in Newark, New Jersey. *Page 78 
Our statute, in force at the time of Emily's birth, required the attending physician to make and file a certificate setting forth "as far as can be obtained" certain data, including the age of each of the parents. P.L. 1909 p. 168; 1 Comp. Stat. p. 208. A copy of the return of birth "shall be received as prima facie
evidence of the facts therein stated in all courts and places."R.S. 2:98-14. Defendants cite Kiely v. MacMurray, 5 N.J.Mis. R. 1091, in which our Supreme Court held that a birth record was not evidential of the age of the infant's father. However, the birth in that case occurred in 1892 when there was no statutory authority for stating the age of the parents in the certificate. P.L. 1888 p. 52 § 2. More recently, in Katz v.New York Life Insurance Co., 125 N.J. Law 358; affirmed,126 N.J. Law 370, Mr. Justice Bodine said that certified copies of birth certificates are evidential of the age of the parents. See, also, Vanderbilt v. Mitchell, 72 N.J. Eq. 910, and Nestico
v. Delaware, Lackawanna and Western Railroad, 4 N.J. Mis. R.418. The New Jersey record is admissible.
An exemplified copy of a public record of a sister state is admissible in our courts with such force and effect as is given the record by the law of the state where it is kept. Condit v.Blackwell, 19 N.J. Eq. 193; 22 N.J. Eq. 481; Chase v. Caryl,57 N.J. Law 545; North Jersey Discount Co. v. Aetna InsuranceCo., 125 N.J. Law 7. What evidential effect does New York give to the marriage and birth records? Beglin v. Metropolitan LifeInsurance Co. (N.Y.), 66 N.E. Rep. 102, decided in 1903, held that a death certificate was not evidential in litigation between private parties. But an experienced member of the New York bar testified before me that in his opinion the certificates now in question would be admissible in New York in litigation over the policies for the purpose of showing the age of the assured. He relied on a statute which was not involved in theBeglin Case, the New York Civil Practice Act, section 309. It provides that records which have been on file for twenty years shall be presumptive evidence of their contents "in any controversy between any parties." I take it that the records offered would be admissible in New York, and so are evidential here. *Page 79 
Assured's petition for naturalization and his draft registration were received without objection. I will now put in schedule form the several statements of his age, including three applications for insurance. Where the birthday is shown in parentheses, it is not stated in the document but is derived from the age therein stated.
 Date of
 Document Age Birthday
Marriage record ............... Aug. 4, 1906 25 (1881)
Daughter's birth record ....... Jan. 3, 1909 28 (1880)
Application for insurance ..... Aug. 28, 1912 26 Jan. 15, 1886
Naturalization petition ....... Sept. 22, 1913 33 Jan. 23, 1880
Daughter's birth record ....... Feb. 16, 1914 34 (1880)
Draft registration ............ Sept. 12, 1918 39 Jan. 25, 1879
Application for insurance ..... April 27, 1925 38 Jan. 15, 1887
Application for insurance ..... July 12, 1938 52 Jan. 15, 1886

The only other evidence of assured's age is found in his testimony. He said that he was born in Russia and immigrated to the United States in 1904. He then did not know his age; but after his parents came to this country in 1911, he concluded, from data his mother gave him, that he had been born in 1886. In weighing this testimony, we may observe that his first insurance application made in the summer of 1912, apparently after he had received this information, stated that he was born January 15th, 1886. But a year later, when, under oath, he petitioned for naturalization, he said he was born January 23d 1880. The discrepancy in the day of the month is perhaps due to difference between the Russian and American calendars. When he registered for the draft, he stated that he was born in 1879. The older he was, the less likely his call into service. A birthday later than 1881 appears only in the insurance applications.
I am fully satisfied that assured was not born in 1886 or 1887, and that he was born in 1879, 1880 or 1881. I discard 1879, the year shown in the draft registration, because of his interest in exaggerating his age. I accept as correct the birth day given in the naturalization petition, January 23d 1880, since he had no reason to give a wrong date; the petition was under oath and it is corroborated by the birth records of his two children. *Page 80 
Defendants emphasize these facts: Complainant, on receipt of the application for insurance, dated April 27th, 1925, compared it with the 1912 application, which showed assured to have been born a year earlier. Thereupon, complainant, in issuing the new policy, derived his age from the old application, 39 years instead of 38, as shown in the current application. Upon this circumstance, defendants say that complainant itself determined assured's age and should not now be permitted to attack its own finding. I know of no principle that supports the argument. For the elements of estoppel, see Briscoe v. O'Connor, 119 N.J. Eq. 378.
The complainant was mistaken as to the age of assured; the mistake was caused by the false statements of assured in both applications. This is a usual basis for reformation. Forman v.Grant Lunch Corp., 113 N.J. Eq. 175.
Defendants rely on the same facts to spell out laches. The discrepancy between the two applications was notice, say defendants, that assured was confused or uncertain as to his age; complainant should have made promptly in 1925 the thorough investigation which later, in 1942, it did make. Let us follow through: Complainant would have turned up the naturalization petition and other records, and would have shown assured's age on the policy issued in 1925 to be 45 years, and not 39. And defendants would be in the same situation as will result from reformation of the policy. Or the application would have been rejected, and assured left without insurance. Since defendants have not been prejudiced by the delay, the delay is no bar to relief. Hinners v. Banville, 114 N.J. Eq. 348. Decree for complainant. *Page 81