### POLLACK v. METROPOLITAN LIFE INS. CO.

No. 8256.

Circuit Court of Appeals, Third Circuit.

Argued May 18, 1943.

Decided Sept. 13, 1943.

Conover English, of Newark, N. J. (Mc-Carter, English & Egner and Nicholas Conover English, all of Newark, N. J., on the brief), for appellant.

Arthur T. Vanderbilt, of Newark, N. J. (G. Dixon Speakman, of Newark, N. J., and Herbert E. Armstrong, of Rutherford, N. J., on the brief), for appellee.

Before BIGGS, MAGRUDER, and GOODRICH, Circuit Judges.

GOODRICH, Circuit Judge.

This is an action brought by the beneficiary of an insurance policy on the life of one Louis Marx to recover the death benefits. The defendant, appellant on this appeal, is the Metropolitan Life Insurance Company, which issued the policy April 14, 1921. A clause in the policy provides that if the age of the insured has been misstated, the amount of insurance payable shall be what the premiums paid would

have purchased at the correct age. In his application for insurance the insured stated that he was born October 15, 1866. At the trial the beneficiary claimed that to be the correct age. This was disputed by the insurer who offered evidence to prove that the insured had been born in the year 1862 and other evidence tending to establish a different date, prior to 1866. This evidence was excluded by the trial judge who directed a verdict for the beneficiary. The insurer took this appeal.

The excluded evidence consisted of various documents wherein the age of the insured was stated. We shall consider them separately, but before doing so, attention should be directed to the main point upon which the trial court relied and which is the foundation of the plaintiff's argument here. It is that statements by the insured may not come into evidence, as admissions, in an action by the beneficiary against the insurer. The decision cited and relied upon is Henn v. Metropolitan Life Ins. Co., 1902, 67 N.J.L. 310, 51 A. 689. In that case the court held that declarations as to his health made by the insured before the issuance of a life insurance policy were not admissible in an action by the beneficiary after the insured's death. Recognizing confusion in the decisions upon the point, the plaintiff's argument seeks to fuse the rule above stated into one of the substantive law of New Jersey by which under the rule of Erie R. Co. v. Thompkins (304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487) we should, of course, be bound.

■ We think the Henn case and those which are in accord with it are correctly decided, though we do not follow the plaintiff to her conclusion that they lay down a rule of substantive law comparable to the parol evidence rule. We also think that the rule announced in that case takes us only part way in solving the problems presented here. In the Henn case the defendant sought to show that the insured had made statements concerning his health which were inconsistent with the representations which he had made to the company when he applied for the policy. Now when one man sues another it is clear, as

Wigmore says, that "The statements made out of court by a party-opponent are universally deemed admissible when offered against him."[1] While it is true the statements are extra-judicial, and technically hearsay, since the witness offers the statement of another as proof of the fact alleged in the statement, yet since the statement is that of the party himself, he can hardly be heard to complain that he cannot cross-examine himself as to his own utterances.[2] The rule is well settled, of course, that for an admission to be available as evidence against a party the declarant need not be dead or otherwise unavailable.[3]

But the rule governing admissions is applicable to a "party-opponent", to use Wigmore's phrase. In the Henn case the person who made the admissions was not a "party-opponent" but a stranger to the litigation. It was the insured who made the statements, it was the beneficiary who was the plaintiff in the suit upon the policy. Admissions made by A are not to be introduced in a suit by B against C, unless A is in such relation to one of the litigants that he is properly affected by them. Privity is the term used to describe the relationship, though obviously its use does not tell us what situations create privity.

The defendant's argument seeks to bring in the admissions under this privity qualification to the general rule of exclusion. It says that the admissions of the insured should come into evidence here because while he did not reserve the power to change beneficiaries when the present plaintiff was so named, the policy also had disability benefit provisions the value of which are affected by the age of the insured. Thus, runs the argument, beneficiary and insured each had an interest in the policy and that common interest should make the latter's admissions available in a suit by the former.

■ The claim for disability benefits is a matter separate from the subject matter of this action, however, and we are advised by counsel that a suit on such claim is pending. We do not express any opinion upon the question of admissions by the insured in a suit brought by his personal repre-

---

[1] 4 Wigmore on Evidence (3d Ed.1940) § 1048.

[2] Of course he can explain and qualify them, an additional reason for accepting them in evidence. See the trenchant discussion by Morgan, "Admissions as an Exception to the Hearsay Rule" (1921) 30 Yale L.J. 355, which Wigmore used as background for revision of his discussion in his third edition.

[3] 4 Wigmore on Evidence § 1049.

sentatives for disability benefits. The fact that both death and disability benefits are provided for in the same policy does not make the insured's admissions available in a suit by the beneficiary. This was expressly held in Kuhns v. New York Life Ins. Co., (1929), 297 Pa. 418, 147 A. 76, and we think that decision is correct.

If all we had in this case, then, was a statement by the insured concerning his health, like that in the Henn case, we should conclude that the trial court was on solid ground in refusing to admit the statement. But we do have more here, and we have here too the situation not uncommonly met with in which evidence not qualifying for admission under one exception to the hearsay rule may nevertheless come in under another.

### Petition for Naturalization.

■ At this point it becomes desirable to deal separately with the various items of proof offered by the defendant upon the question of the insured's age. The first had to do with a petition for naturalization filed in the Court of Common Pleas, Essex County, New Jersey,[4] Feb. 26, 1903. Assuming that this petition was identified as one signed and sworn to by the insured, was it admissible to show his age from his own statements therein? Here we have an entirely different foundation upon which to build the argument for admissibility and one which is based on facts present here which were not present in the Henn case. The statements in this petition for naturalization concerned the date of birth of the declarant; in the Henn case the statements sought to be admitted concerned his health. Where we have involved statements concerning birth, death and the like, we meet a different rule based on different considerations.

■ Declarations about family history (pedigree) constitute one of the oldest exceptions to the hearsay rule,[5] and a deceased declarant's statements about his own age, birth, etc., are categorically stated by Wigmore to be admissible under this exception.[6] Wigmore cites four decisions for his statement of the rule. Travelers' Ins. Co. v. Henderson Cotton Mills, 1905, 120 Ky. 218, 85 S.W. 1090, 117 Am.St.Rep. 585, 9 Ann.Cas. 162; Taylor v. Grand Lodge A.O.U.W. of Minnesota, 1907, 101 Minn. 72, 111 N.W. 919, 11 L.R.A.,N.S., 192, 118 Am.St.Rep. 606, 11 Ann.Cas. 260; Oklahoma Union Ins. Co. v. Morgan, 1934, 168 Okl. 228, 32 P.2d 285; National Aid Life Ass'n v. Morgan, 1934,[7] 168 Okl. 226, 32 P.2d 288. To these may be added a number of other decisions which also apply the rule to the type of situation here involved. Simon v. New York Life Insurance Company, 1918, 70 Pa.Super. 408; Life & Casualty Ins. Co. v. Parker, 1935, 173 Miss. 180, 161 So. 465; New York Life Ins. Co. v. McQuie, 1939, 277 Ky. 268, 126 S.W.2d 458. In addition, appellant has cited a number of decisions which held a deceased declarant's statements of his age admissible, without indicating whether the basis of admissibility was the "pedigree" exception.

The appellee has cited cases[8] where the courts have held such statements inadmissible. It is noteworthy that in none of these cases do the courts discuss whether the statements would be admissible under the "pedigree" exception. The statements were excluded on the principle that the declarations of the insured were not ad-

---

[4] There was a subordinate question about this petition as to whether it was in fact that of the insured. While the evidence offered by the defendant to establish that identification was rejected, we take it that this was because the court deemed the petition, even though identified, inadmissible. If this position was incorrect, a point covered in the main discussion, the evidence necessary to establish the petition as that of the insured would naturally be admissible also. Dolan v. Mutual Reserve Fund Life Ass'n, 1899, 173 Mass. 197, 53 N.E. 398.

[5] 5 Wigmore on Evidence § 1480.

[6] Id., § 1490.

[7] Whether the last two cases still represent the Oklahoma view is highly doubt-

ful. See National Aid Life Ass'n v. Wiles, 1935, 171 Okl. 57, 41 P.2d 655.

[8] Logia Suprema De La Alianza Hispano-Americana v. De Aguirre, 1913, 14 Ariz. 390, 129 P. 503; Yore v. Booth, 1895, 110 Cal. 238, 42 P. 808, 52 Am.St. Rep. 81; Supreme Lodge of Knights of Honor v. Wollschlager, 1896, 22 Colo. 213, 44 P. 598; Tessman v. Supreme Commandery of United Friends of Michigan, 1894, 103 Mich. 185, 61 N.W. 261; Barnett v. Prudential Ins. Co. of America, 1904, 91 App.Div. 435, 86 N.Y.S. 842, (to the opposite effect, see Kass v. Metropolitan Life Ins. Co., 2d Dept. 1937, 252 App.Div. 888, 300 N.Y.S. 193, affirmed 1938, 278 N.Y. 512, 15 N.E.2d 671.

missible, as admissions, against a beneficiary. As indicated earlier in this discussion, we think that principle sound, but it is not applicable to the immediate problem under discussion, the admissibility of the statements under the family history exception to the hearsay rule.

The New Jersey decisions recognize and apply this exception when the occasion for its application is presented. See Barsotti v. Bertolino, 1937, 121 N.J.Eq. 346, 189 A. 659; Hubatka v. Maierhoffer, 1911, 81 N. J.L. 410, 79 A. 346; In re Hennion's Estate, Prerog. 1942, 131 N.J.Eq. 293, 25 A.2d 35.

In view of the universal recognition of the exception, its application to this specific situation in many well considered decisions and the absence of attention to the point in cases reaching an opposite result, we think that the evidence was admissible under § 43(a) of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c. Since it bore directly upon the only disputed question of fact in the case, the jury should have had it for whatever weight they thought it entitled to, and its exclusion was reversible error.

Birth Certificates of Insured's Children.

The defendant offered in evidence the certified transcripts of birth certificates of two of the insured's children in which the age of the insured was stated. One certificate recorded the birth of a child on June 24, 1896. The age of the insured stated therein was 36. The other certificate recorded the birth of a son on November 3, 1897. The age of the insured stated therein was 38. This evidence was excluded by the trial judge. The insurer claims that the certificates were admissible by virtue of N.J.S.A. 2:98–14, which provides that " * * * any original certificate of birth or death, or any copy thereof, or any copy of the record thereof, certified to be a true copy under the hand of the state registrar of vital statistics; any transcript of return of death, marriage or birth, made by any person according to law, to any officer or board empowered by law to receive the same or of the record of such return, such transcript being a copy of the return as originally made or a copy of the record thereof as recorded according to law, when such transcript shall be signed by the officer required by law to return or record the same as the case may be and, by him certified to be a true copy of said return or record, shall be received as prima facie evidence of the facts therein stated in all courts and places."

The Act requiring the making of birth certificates in force at the time of the birth of the insured's two children did not require that the certificate contain the age of the parents. Laws of New Jersey 1888, c. 39, p. 52. A recent decision by the Court of Chancery of New Jersey can be read as indicating that a certificate under that statute stating the age of a parent is not evidential for that purpose under N.J.S.A. 2:98–14, since there was no statutory requirement in the Act of 1888 that the age of the parents be stated in the birth certificate. Metropolitan Life Ins. Co. v. Levy, 1943, 133 N.J.Eq. 77, 30 A.2d 571. However, the court in that case cited with apparent approval Katz v. New York Life Ins. Co., 1940, 125 N.J.L. 358, 15 A.2d 898, affirmed 1941, 126 N.J.L. 370, 19 A.2d 830, decided by the Supreme Court of New Jersey, which held birth certificates for the years 1906, 1911 and 1918 admissible under N.J.S.A. 2:98–14. We cannot agree with the contention of the appellee that all the certificates involved in the Katz case were filed pursuant to a later statute which required a statement of the age of the parents. The first statute after the Act of 1888 which required such a statement was an act passed in 1909, Laws of New Jersey 1909, c. 109, p. 168, three years after one of the certificates admitted in the Katz case was filed. This fact may not have been brought to the attention of the Vice-Chancellor in the Levy case. We think the admissibility of the certificates under the New Jersey statutes, as applied in New Jersey decisions, is not clear, but we do not need to decide the question because there is a federal statute which is applicable and under Rule 43(a) determines the question.

We think that the certificates were admissible under the federal statute providing for the admissibility of writings and records made in the regular course of business.[9] Historically one of the theories

---

[9] 28 U.S.C.A. § 695. "In any court of the United States and in any court established by Act of Congress, any writing or record, whether in the form of an entry in a book or otherwise, made as a memorandum or record of any act, transaction, occurrence, or event, shall be admissible as evidence of said act, transaction, occurrence, or event, if it shall appear that it was made in the regular course of any

for the admissibility of birth certificates and registers generally was that they were regular entries in the course of business. 5 Wigmore on Evidence § 1643. And we think the description of "business" in the Federal Act is broad enough to include the keeping of records of birth by the New Jersey Bureau of Vital Statistics. Certainly the statute should not be construed not to include business entries which theretofore had been held admissible. Just recently the Supreme Court has admonished that "It [28 U.S.C. § 695, 28 U.S.C.A. § 695] should of course be liberally interpreted so as to do away with the anarchronistic rules which gave rise to its need and at which it was aimed." Palmer v. Hoffman, 1943,[10] 318 U.S. 109, 115, 63 S.Ct. 477, 481, 87 L.Ed. ——, 144 A.L.R. 719.

■ The other question which is present concerning the applicability of the federal statute, is whether the statement of the age of the parents in the birth certificate is "a memorandum or record of any act, transaction, occurrence, or event." The occasion for the making of a certificate was the birth of a child and the requirements of the law of New Jersey that it be recorded. Certainly it cannot be said that the only entry admissible under the statute is the notation that a child was born. The transcripts offered in evidence from the Bureau of Vital Statistics, Department of Health, State of New Jersey, showing the record of the Bureau concerning the birth of the children show an apparently regular and standard form for entry of the following facts: Full Name of Child; Color; Date of Birth; Sex; Place of Birth; Name of Father; Maiden Name of Mother; Country of Father's Birth; Age; Occupation; Country of Mother's Birth; Age; Number of Children in all by this marriage; How many of them living; Name and P. O. Address of Medical Attendant, with date.

We need not pass upon the question how far beyond the fact of a child's birth such entries may go before they cease to be included as a record of an "act, transaction, occurrence, or event." If information called for related to a parent's religion, political affiliations or economic status, more difficult question would be presented. It is sufficient to say here that the record of the parent's age is close enough to be included. This record should have been received for what probative effect on this point the jury saw fit to give it.

### Hospital Records.

■ Defendant offered into evidence records of the Memorial Hospital relating to the insured. These records disclose that the insured's age was 75 in November of 1936. These records were excluded. We think they should have been admitted under the business entry statute just discussed. The hospital records were apparently made when the insured went to the Memorial Hospital for diagnostic purposes. Part of the history stated therein was the insured's age and we think that that is part of the act, transaction or occurrence or event referred to in the statute. A patient's age is, as a matter of common knowledge, a relevant part of medical history and the record should be admissible under the statute[11] as proof of the fact.

### Directed Verdict.

The court below directed a verdict in favor of the plaintiff. The parties have argued the question of whether on the basis of the evidence which was admitted such direction was proper. We need not go into that question for manifestly the omission of the various pieces of evidence previously discussed gave a picture different from that which would have been before the jury if the evidence had been before them for consideration. As previously in-

business, and that it was the regular course of such business to make such memorandum or record at the time of such act, transaction, occurrence, or event or within a reasonable time thereafter. All other circumstances of the making of such writing or record, including lack of personal knowledge by the entrant or maker, may be shown to affect its weight, but they shall not affect its admissibility. The term 'business' shall include business, profession, occupation, and calling of every kind."

[10] See Hunter v. Derby Foods, Inc., 2 Cir., 110 F.2d 970, 133 A.L.R. 255, which

held that a death certificate made by a coroner in the course of his official duty under Ohio laws was a record made in regular course of business within § 695.

[11] See Note, Admissibility of Hospital Records as Business Entries (1939) 38 Mich.L.Rev. 219, 226. The writer states: "It is settled, in those states that admit the records at all, that they are admissible to prove those things that come within the classification of facts. These have been held to include the age of the patient * * * the visits made by the doctor, and other matters of that type."

dicated we think their exclusion was erroneous and calls for a new trial.

The judgment of the District Court is reversed and the case remanded for further proceedings in accordance with this opinion.

MAGRUDER, Circuit Judge (concurring in the result).

I agree that insured's statement of his age in his application for naturalization should have been admitted in evidence under the pedigree exception, and therefore that the judgment should be reversed. But I do not think that the hospital records can be admitted under 28 U.S.C.A. § 695 to prove the date of insured's birth. The fact that it was in the general course of business for the hospital to record the patient's age—as to which nobody in the hospital could have any personal knowledge—does not furnish any guarantee of trustworthiness of the entry. If the record were admitted for this purpose, in the language of Palmer v. Hoffman, 1943, 318 U.S. 109, 113, 63 S.Ct. 477, 480, 87 L.Ed.——, 144 A.L.R. 719: "We would then have a real perversion of a rule designed to facilitate the admission of records which experience has shown to be quite trustworthy." The occurrence or event which is recorded in the hospital records is the birth of the patient, noted as having taken place seventy-five years previous. One of the qualifications of 28 U.S.C.A. § 695 is that it must be in the regular course of business to make a record of the event at the time it takes place "or within a reasonable time thereafter." It can hardly be said that this requirement is met in the present case. Many cases have held, under this, and corresponding state statutes, that hospital records are admissible only as relating to an act, transaction, occurrence or event incident to the hospital treatment. See 144 A.L.R. 731–734.

We do not know the source of the hospital's information as to the patient's age. If it were shown that it was in the regular course of business for the hospital, upon admitting a patient, to ask him or a member of his family to state his age, and to record the answer in the hospital records, then such record might be admitted for the purpose of establishing that the patient, or a member of his family, had so stated his age. Then the patient's (insured's) statement of his age would come in under the pedigree exception as in the matter of the naturalization petition. But in such a case the court would not be admitting the hospital record as such to prove the truth of the entry as to the patient's age.

For similar reasons I do not think that the birth certificate of the child of the insured can be introduced under 28 U.S.C.A. § 695, to prove the age of the parent, even though parents' ages are customarily recorded in such certificate.