John C. SHAFFER
v.
SEAS SHIPPING COMPANY, Inc.
Civ. A. No. 13581.

United States District Court,
E. D. Pennsylvania.

June 28, 1954.

See also 127 F.Supp. 426.

Stark & Goldstein, Philadelphia, Pa., for plaintiff.

Krusen, Evans & Shaw, Philadelphia, Pa., for defendant.

KIRKPATRICK, Chief Judge.

The plaintiff, a seaman, brought this action under the Jones Act for an injury to his shoulder alleged to have been sustained aboard ship. The jury, in

answers to interrogatories submitted by the Court, found that the injury occurred, not on the ship, but during a scuffle in a cafe on shore. They, therefore, allowed no damages for that injury, although they did award a small sum for aggravation of it caused by a second accident which occurred at a much later date on the voyage home.

The defendant offered in evidence the clinical record of the U. S. Public Health Service Hospital at Baltimore. Upon objection, the Court ruled that the portion of the history, which contained the plaintiff's account of the manner in which the injury was incurred, was inadmissible, but allowed it to go out with the jury with the whole record, under instructions that they should not consider it but should confine themselves to the other parts of the record. However, if the history was inadmissible its prejudicial effect was not cured by the Court's instructions and a new trial would have to be granted, Bates v. Preble, 151 U.S. 149, 14 S. Ct. 277, 38 L.Ed. 106, so the only question presented by this motion by the plaintiff for a new trial is whether or not it was admissible.

The portion of the record to which the plaintiff objects is as follows: "History of Present Illnesses. Pt. is a 27 yr. old Wh. A.S. fell on 24 April, 1951, and injured his rt. shoulder. Pt. was scuffling at the time—and fell back, striking his Rt. joint (?) shoulder—without any immediate effects—About 20 min. later, while on shipboard he hit a door with his shoulder—considerable pain—to the point of being unable to stand his watch." The plaintiff testified at the trial that he had not fallen or been injured in any scuffle on shore and that the only injury he sustained on April 24 was when a defective door on the ship, which he was trying to open, suddenly yielded to pressure and he was precipitated into the room and against a bunk post.

I am of the opinion that the history, along with the rest of the hospital record was admissible under the Federal Business Records Act, 28 U.S.C. § 1732.

The Act provides "* * * any writing or record, whether in the form of an entry in a book or otherwise, made as a memorandum or record of any act, transaction, occurrence, or event, shall be admissible as evidence of such act, transaction, occurrence, or event, if made in regular course of any business, and if it was the regular course of such business to make such memorandum or record at the time of such act, transaction, occurrence, or event or within a reasonable time thereafter."

The Circuit Court of Appeals for the Second Circuit ruled admissible a similar entry in a hospital record. Tucker v. Loew's Theatre & Realty Corp., 149 F.2d 677, 680. In that case the record was offered by the plaintiff in support of her own testimony as to the way in which the accident occurred. In Pollack v. Metropolitan Life Ins. Co., 138 F.2d 123, 128, the Circuit Court of Appeals for the Third Circuit ruled that a part of the record containing the plaintiff's age as given by him was admissible.

I cannot see any way in which those decisions, particularly that of the Second Circuit, can be reconciled with the decision of the Court of Appeals for the District of Columbia in New York Life Ins. Co. v. Taylor, 79 U.S.App.D.C. 66, 147 F.2d 297. The majority opinion in that case, it is true, is largely concerned with the reasons for excluding the diagnoses of the plaintiff's mental condition and records of psychiatric examinations, but the Court did squarely rule that the plaintiff's account of his illness as well as a statement made by him later on and entered as part of the hospital record, to the effect that he had taken a large dose of codein and aspirin because he wished to die, were properly excluded by the trial court. I can only say that I think the view taken by Justice Edgerton in his dissenting opinion is in accord with the purpose and intent of the Act.

The rule announced by the Supreme Court in Palmer v. Hoffman, 318 U.S.

109, 63 S.Ct. 477, 481, 87 L.Ed. 645, is clearly inapplicable. The basis of that decision was that the records offered were not "for the systematic conduct of the enterprise as a railroad business. * * * Their primary utility is in litigating, not in railroading." The point is that they were primarily intended for external and defensive use and, therefore, less trustworthy than records intended to be relied upon in the business of the entrant. The business of a hospital is the cure and relief of patients. The case record of any patient is directly related to the proper performance of its function and is taken and preserved with no other purpose in view.

This is not to say that some statement having nothing to do with a patient's case, which might have found its way into a hospital record, would be admissible. Thus, for example, if the man with whom this plaintiff had been scuffling had also been injured and been admitted to the hospital, a statement in his history to the effect that the plaintiff had been knocked down and injured would be clearly inadmissible. But we are not here concerned with statements made by third persons or statements affecting third persons. Nor are we concerned with questions which might arise when the record is a diagnosis or a statement of expert medical opinion such as occupied much of the Court's attention in the Taylor case.

In injury cases, how the injury was incurred and what caused it is always relevant and is usually important in diagnosing the case and determining the proper treatment, and that it is so recognized by the medical profession is shown by the fact that the patient's account of his injury is almost universally taken and recorded. It may be that there are some cases in which the cause of the injury is not a material factor in determining its nature, extent and proper treatment, but a judge cannot well undertake to draw the line.

 The purpose and effect of the Business Records Act was simply to make it unnecessary to call the party making the entry. It must still be relevant and material and conform to all other requisites of judicial proof. Here the "occurrence, or event" of which the record was offered as evidence was not that the plaintiff's shoulder was hurt in a scuffle on shore but that he said it was. That statement involved an admission that he was not injured in the way he testified at the trial. The physician or other member of the hospital staff who took his statement could have been called and there could have been no question as to the admissibility of his evidence of what the plaintiff told him. The Act eliminated the necessity of calling him.

The motion for a new trial is denied.