John C. SHAFFER, Appellant,

v.

SEAS SHIPPING COMPANY, Inc.

No. 11386.

United States Court of Appeals, Third Circuit.

Argued Dec. 22, 1954.

Decided Jan. 11, 1955.

Herman Moskowitz, Philadelphia, Pa., for appellant.

Thomas E. Byrne, Jr., Philadelphia, Pa. (Robert Cox, Krusen, Evans & Shaw, Philadelphia, Pa., for appellee on the brief).

Before GOODRICH and KALODNER, Circuit Judges, and LORD, District Judge.

GOODRICH, Circuit Judge.

Plaintiff sued the defendant under the Jones Act, 46 U.S.C.A. § 688 (1944), alleging liability for two injuries. One, he said, was an injured shoulder caused by a jammed forecastle door on the defendant's ship which occurred on April 24, 1951. The other was a re-injury to the shoulder while on duty in the defendant's engine room at a later time.

The plaintiff recovered a verdict of $500 which represents the jury's award

for damages resulting from the second injury only. He takes this appeal because of alleged error by the trial judge.

The critical point with regard to the first injury was whether the plaintiff suffered it, as he said, in trying to open a jammed door on the ship or whether he suffered it in a scuffle in a saloon at Lourenco Marques, Portuguese East Africa. Among the items of testimony offered in the case was plaintiff's hospital record at the U. S. Public Health Service Hospital in Baltimore. Included in that hospital record was the plaintiff's "History of Present Illness." It reads as follows: "Pt. is a 27 yr. old Wh.A.S., fell on 24 April, 1951, & injured his rt shoulder. Pt. was scuffling at the time—& fell back, striking his Rt joint [?] shoulder * * *"

The trial judge, upon objection by plaintiff, rejected this history. When the jury retired to deliberate, however, the hospital record was allowed to go with them, although the trial judge told them they probably did not need it. He also told them that they should disregard that portion pertaining to the plaintiff's "History of Present Illness." But this portion was not covered over or otherwise dealt with to conceal the item from the jury's inspection if, contrary to the trial judge's instruction, they did look at it.

The alleged error upon which the plaintiff relies in asking for a new trial is the exclusion by the trial judge of the testimony without making sure that the jurors could not see the excluded portion when they took the hospital record with them.

There was a motion for a new trial in the district court. The opinion of the trial judge[1] is devoted largely to a discussion of whether plaintiff's case history was admissible under the Federal Business Records Act, 28 U.S.C. § 1732 (1952). He thought that if it was not, then the United States Supreme Court decision in Bates v. Preble, 1894, 151 U. S. 149, 14 S.Ct. 277, 38 L.Ed. 106, would require a new trial. But he concluded that the evidence was admissible and, therefore, denied the motion.

We agree with the trial judge that, if the testimony was inadmissible and if Bates v. Preble is still law, a new trial would be required. Whether that case would be law if the question was now presented in the Supreme Court we have no authority to say. But we also agree with the trial judge that the testimony was admissible. Pollack v. Metropolitan Life Ins. Co., 3 Cir., 1943, 138 F.2d 123; Norwood v. Great American Indemnity Co., 3 Cir., 1944, 146 F.2d 797; Tucker v. Loew's Theatre & Realty Corporation, 2 Cir., 1945, 149 F.2d 677.

The plaintiff takes the position on this appeal that the admissibility or inadmissibility of the testimony is immaterial to him. He says that when the trial judge ruled the testimony inadmissible that became the law of the case. Therefore, he argues, since this inadmissible testimony was allowed to go to the jury, the rule of Bates v. Preble applies and he is entitled to a new trial. He says further, that since the testimony was excluded, he was justified in treating it as if it were not there. Relying on this ruling plaintiff says that he had no occasion to bring in testimony which would tend to contradict or explain away the statements in the hospital record. This, he says, denies him a fundamental right; namely, that both sides shall be heard in litigation.

There would be something to this argument, we think, if this history which the plaintiff gave the hospital when he was admitted there was the only piece of testimony bearing upon the question where his injury was received. This question was a critical one in this case because if the injury came in a scuffle in a saloon on shore that fact destroyed his claim of unseaworthiness so far as the door is concerned.

We have gone back over the entire record although the parties did not see

1. Shaffer v. Seas Shipping Co., Inc., D.C.E.D.Pa.1954, 218 F.Supp. 384.

fit to bring it to us as an appendix. It appears that the question of the place of injury was gone into with tedious thoroughness in both the testimony of the plaintiff and the testimony of the purser who was also the medical officer of the ship on which the plaintiff served. Not only that, but there is what purports to be a signed statement by the plaintiff admitting he received his injury on shore. While he qualified his admission that this was his statement, nevertheless, it is in the record and the weight to be given both to the document and to the qualified denial of its genuineness was for the trier of the fact. The jury returned, in answer to an interrogatory and a very careful charge by the court, a definite finding that the injury took place, as the defendant claims, on shore.[2]

In view of this record the plaintiff's argument lacks the tone of reality. We think that there was a thorough airing of the question of the locus of the injury. The rather obscure abbreviations in the hospital record could add little or nothing to the already voluminous testimony on the subject. Rule 61 of the Federal Rules of Civil Procedure directs the district court not to order a new trial unless refusal appears inconsistent with substantial justice.[3] Likewise, for this Court, there is a statute which says, "the court shall give judgment after an examination of the record without regard to errors or defects which do not affect the substantial rights of the parties." 28 U.S.C. § 2111 (1952).

We think those provisions apply here just as they were applied by this Court in Norwood v. Great American Indemnity Co. cited above.

2. The court's first interrogatory was: "Did the plaintiff's injury of April 24th, 1951, occur on the ship or in the Palace Cafe?" The jury's answer was: "In the Palace Cafe."

3. "No error in either the admission or the exclusion of evidence and no error or defect in any ruling or order or in anything done or omitted by the court or by any of the parties is ground for granting a new trial or for setting aside a ver-

The judgment of the district court will be affirmed.

dict or for vacating, modifying or otherwise disturbing a judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice. The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties." Fed.Rules Civ.Proc. rule 61, 28 U.S.C.